J. K. AYRES ET AL. v. PARRISH & POTTER.

Delivered March 25, 1897.

**1. Judgment—Collateral Attack—Mortgage on Homestead—Foreclosure —Mistake.**

A judgement foreclosing a mortgage which, by mistake of the mortgagors, includes a part of their homestead, cannot, in the absence of fraud on the part of the mortgagee, who is the purchaser at the foreclosure sale, be collaterally attacked.

**2. Same—Constitution Does Not Change Rule.**

This rule is not changed by the fact that the mortgage may be void as in contravention of the Constitution, since rights secured by the Constitution may be waived or forfeited as well as any other.

APPEAL from Montgomery. Tried below before Hon. L. B. HIGH-TOWER.

*Ewing & Ring* and *James R. Masterson*, for appellants.—The foreclosure decree was no bar. The issue of homestead was not a defense that might or could have been made in the foreclosure suit, since, in view of the mistake, it was as though such defense did not then exist. The supervening equity of the mistake, without attacking the judgment, so overrides its efficacy as to wrest its fruit from the hands of the possessor, no innocent purchaser intervening, and restore it to its rightful owner. Without the decree, the mortgage was void; and with the decree, in view of the mistake, no independent life was imparted. Nichols v. Dibrell, 61 Texas, 539; Johnson v. Railway, 141 U. S., 602; Marshall v. Holmes, Id., 589; Martin v. Robinson, 67 Texas, 381; Pomeroy's Equity Jur., secs. 871, 1377; 2 Freeman on Judgments, sec. 500a.

*Coleman & Ross* and *T. W. Gregory*, for appellees.—The foreclosure decree was res adjudicata of the homestead issue, and ignorance on the part of appellants as to where their lines ran, coupled with no fraud or overreaching on the part of appellees, did not suffice to reopen the case in a collateral proceeding. Nichols v. Dibrell, 61 Texas, 543; Tadlock v. Eccles, 20 Texas, 791; Chilson v. Reeves, 29 Texas, 281; Lee v. Kingsbury, 13 Texas, 71; Cooper v. Lee, 75 Texas, 123; 2 Pomeroy's Equity Jur., sec. 856.

PLEASANTS, ASSOCIATE JUSTICE.—This is an appeal from a judgment rendered by the District Court of Montgomery County, in a suit in which appellees were plaintiffs and appellant J. K. Ayres was defendant, and the appellant Alice P. Ayres, wife of J. K. Ayres, was intervener.

The case, succinctly stated, is this:

The appellant J. K. Ayres, on July 26, 1889, owned two tracts of land, one the Wilson Lang survey, and the other the Kennith Hyman survey. The two surveys adjoined, the Hyman being the older of the two. Upon the Lang, the appellants lived, and claimed their home-

stead of 200 acres to be exclusively on that survey, and their improvements were situated thereon.

On said day, the 26th of July, 1889, appellants, Ayres and wife, executed a mortgage to appellees to secure a debt due the latter from the husband, declaring at the time that their homestead was situated within the Lang survey; and on September 30, 1890, appellants executed another mortgage to appellees, to secure a loan of $3000, upon 66 acres, a part of the Lang survey, which was described by metes and bounds, and at the same time they designated their homestead by an actual survey, describing it by metes and bounds; and this designation was referred to in the second mortgage.

At the time these mortgages were given, the appellants supposed that the Lang survey contained 260 acres of land. The 66 acres upon which the second mortgage was given was wholly without the boundaries of the designated homestead.

The appellants making default in payment of the debt to secure which the mortgage upon the Hyman survey was given, the appellees foreclosed their lien, and at the sale became the purchasers of the land covered by the mortgage, and received a conveyance therefor from the sheriff who made the sale, the amount of the bid, less costs of suit, being credited upon the judgment; and on January 2, 1894, default having been made by appellants in payment of the $3000 to secure which the second mortgage was given, appellees foreclosed their lien by decree of the District Court of Travis County. The appellants, being parties defendant to the suit, entered their appearance therein and made defense thereto; but no issue of homestead was presented by the pleadings, or considered by the court. Upon sale of this 66 acres, appellees became the purchasers, crediting their bid on the debt, and received a deed from the sheriff for the land.

After this last decree of foreclosure, it was discovered that there was a conflict between the Lang and Hyman surveys, and that 77 acres of the 200 acres designated by appellants as their homestead at the time of the execution of the second mortgage upon the 66 acres lay within the Hyman survey, and was covered by the first mortgage, executed on the 26th of July, 1889. This conflict was known to neither the appellees nor appellants at the time of the execution of the mortgages.

In July, 1894, appellees brought suit against the appellant J. K. Ayres, to try title to the 66 acres covered by the mortgage of September 30, 1890, and caused a writ of sequestration to be levied upon the land. On the 28th of January, 1896, the appellant Alice P. Ayres, with leave of the court, intervened and made herself party defendant; and the defendants filed their joint answer to plaintiffs' suit, in which they plead not guilty, and averred that the plaintiffs' title to the land in controversy was void, for the reason that their claim of title was made under a sheriff's sale made under decree foreclosing a mortgage given by appellants upon the land, when the same was a part of their homestead, through an innocent mistake, by which all parties concerned;

then, and until after the decree of foreclosure, believed that the land was no part of the defendants' homestead, and that, had defendants known the land was a part of their homestead, they would not have executed the mortgage; and the defendants prayed that the plaintiffs be forever barred from asserting title to the said 66 acres of land by virtue of the mortgage decree of foreclosure and sheriff's deed referred to in their answer; but if such relief could not be had, then that the court decree that the plaintiffs be forever barred from asserting title to the 77 acres, part of the land designated as their homestead at the time of the execution by them of the mortgage on the 66 acres, and which 77 acres is a part of the Hyman survey, and which plaintiffs now claim under sheriff's sale made in pursuance of a decree foreclosing the mortgage given by defendants on the Hyman survey. The plaintiffs, by plea of replication filed the same day that defendants filed their answer setting up claim of homestead to the 66 acres, tendered deed of release to the said 77 acres, and disclaimed all claim of title thereto, and they pleaded res adjudicata and estoppel to the defendants' claim of title to the 66 acres of land.

Upon trial of the case by the court, without the intervention of a jury, judgment was rendered for the plaintiffs for the 66 acre tract, and the defendants were enjoined from interfering in any way with plaintiffs' possession of said tract; and judgment was rendered for the defendants for the 77 acres. The defendants excepted to the judgment, and gave notice of appeal, and have brought the case to this court for revision.

*Opinion.*—The appellants present in their brief but one assignment of error, which is: "The court erred in failing to hold or adjudge that the appellants, James K. and Alice P. Ayers, recover the alleged 66 acre tract in controversy as a part of their homestead, inasmuch as, upon the uncontroverted facts appearing, the mortgage deed of trust under the foreclosure of which the appellees, Parrish & Potter, purchased was invalid, as an attempted lien upon a part of the homestead; and the rendition and finality of the decree of foreclosure were induced by mutual mistake of the parties concerned, in virtue of which it was supposed then, and until long thereafter, that the property in fact was not a part of the homestead."

This assignment, under the facts disclosed by the record, is equivalent to this proposition: If a mortgagor, in designating his homestead at the time he executes his mortgage, by reason of his mistake as to the division line between the two tracts of land of which he is the owner, places the homestead partially upon both of the tracts, instead of, as he intended, wholly upon one of them, a court of equity will, after foreclosure of the mortgage by a court of competent jurisdiction, in a suit between the parties to the mortgage, and a sale of the property in pursuance of the decree, and the purchase thereof by the mortgagee, permit the mortgagors to relocate their homestead, and place it wholly within the tract of land in which the mortgagors supposed it to be at the time of the execution of the mortgage, notwithstanding the fact that the

mortgagors are the owners of the land designated, and are in undisputed possession thereof, and that the homestead so designated contains its full complement of land, and notwithstanding such relocation will effectually defeat the operation of the decree of foreclosure, and deprive the mortgagees of the rights and benefits acquired thereunder.

Such a proposition is not consistent with right or reason, and is violative of the rules and principles by which courts of equity are governed in giving relief against the operation of a judgment, when attacked either directly or collaterally. The decree foreclosing the mortgage upon the 66 acres, part of the Lang survey, is as conclusive upon Mrs. Ayres as it is upon her husband. This is so well settled by the decisions of our Supreme Court, commencing, we believe, with Howard v. North, 5 Texas, 290, as scarcely to require citations of authority.

Nor can it be doubted, we think, that if this were a suit by appellants to set aside and hold for naught the decree of foreclosure, their prayer, under the facts of this case, would be denied. In such a suit, the party complaining must be able to impeach the justice and equity of the judgment, upon grounds which he was prevented from setting up upon trial of the case by fraud, accident, or the wrongful act of the other party, unmixed with any negligence or other fault on his part. Burnley v. Rice, 21 Texas, 171, and Plummer v. Power, 29 Texas, 7.

Where a party who has obtained a judgment by fraud seeks to enforce the rights he has thus acquired through the courts, by a collateral attack upon the judgment, under the rules announced in Martin v. Robinson, 67 Texas, 368, the fruits of his fraud may be wrested from the hands of the wrongdoer, while the judgment will remain undisturbed. But there is no pretense of any fraud by the appellees in procuring the decree of foreclosure under which they are seeking to recover the land in controversy. The appellants are in the peaceable enjoyment of their homestead as selected by themselves, and they are clearly not entitled to the judgment they are here contending for.

The judgment is affirmed.    *Affirmed.*

### ON MOTION FOR REHEARING.

In compliance with request of appellants, we here state more fully and directly than is done in our opinion our conclusions of fact upon the points designated in this motion.

1.  The first homestead designation declared, without further description, that the Wilson Lang survey constituted the homestead of appellants, and that said survey contained about 260 acres of land; but, in fact, it contained less than 200, by reason of a conflict between it and the Hyman, the Hyman being the elder survey. The mortgagees knew of this designation, and of the appellants' claim of homestead of 200 acres upon the Lang survey, when they accepted the mortgage of July, 1889, from appellants.

2.  The second mortgage, given on the 30th day of September, 1890,

covered 66 acres of the Lang survey, and the second homestead designation covered 77 and a fraction acres of that part of the Hyman survey covered by the first mortgage, executed on the 26th of July, 1889, by appellants to appellees; and, at the sale made under the decree foreclosing that mortgage, appellees purchased the land covered by the mortgage, including the 77 and a fraction acres embraced in the homestead designation, and this sale and the purchase thereunder occurred before the decree foreclosing the mortgage of September 30, 1890, was rendered.

3.   It was after the foreclosure of the mortgage of September 30, 1890, and not long before appellants filed cross-bill in this suit, that they discovered the conflict between the Lang and Hyman surveys, and the fact was revealed to them by a survey which was made of another tract for appellees.

In addition to the foregoing conclusions of fact, we find that the boundaries of the Lang survey were well defined, and the homestead designations were made with reference to those boundaries; that the designations were made respectively at the execution of each mortgage; that the mortgage of September 30, 1890, referred to the designation of the homestead made on that day, and that the boundaries of the homestead as designated were known to appellant J. K. Ayres when he executed the mortgage on the 66 acres of the Lang survey; that neither the appellees nor their agent, Brown, had any knowledge of the conflict between the Lang and the Hyman, until after the sale of the property under the decree of court foreclosing the mortgage of September 30, 1890; that they had never had actual possession of any part of the Hyman survey, and that appellants were residing on the land designated as their homestead on the 30th of September, 1890, when they, on that day, executed the mortgage on the 66 acres of land in controversy, and were there residing when this suit was filed and judgment rendered for them for the identical land embraced in the boundaries of their designated homestead.

Our decision affirming the judgment of the lower court is based upon what we concluded to be the law of the case, to-wit, that the decree of the District Court of Travis County foreclosing the mortgage of September 30, 1890, was an insuperable barrier to recovery by appellants in this suit.   The decision necessarily involves, and, as we had supposed, the opinion clearly indicates, this proposition: that, though a mortgage given by the husband and wife upon land embraced in their homestead—both mortgagors and mortgagee being ignorant of the fact that the mortgage covers any part of the homestead—may be void, yet if the mortgagors permit the mortgage, at the suit of the mortgagee, and without fraud on the part of the latter, to be merged into a judgment, by the decree of a court having jurisdiction of the parties and of the subject matter of litigation, such decree creates a valid and subsisting lien upon the land until reversed on appeal or set aside and vacated by

the court rendering the judgment, in a proceeding instituted for that purpose, and cannot be attacked collaterally.

The appellants, if we correctly apprehend the position of counsel, contend that a void mortgage makes a void judgment; that the latter is the corrollary of the former; and such being the case, a court of equity should permit the mortgagors, by collateral attack upon the judgment, to defeat the recovery of the property from them by the purchaser at the sale made under the decree of foreclosure, the purchaser being the mortgagee. We know of no authority which sustains this contention. The rule upon which our decision is based has been long recognized and observed by courts of equity, is equitable as between the parties to the judgment sought to be defeated, and is deep seated in a wise judicial policy, a policy essential to the protection of persons dealing with the parties in relation to the subject matter of adjudication.

That the mortgage in this case may be void, because in contravention of the Constitution of the State, will not relieve the appellants from the operation of the well established rules of judicial procedure. Rights and privileges secured or protected by Constitutional provisions may be waived or forfeited by the conduct of those interested in the observance and enforcement of such provisions, just as rights or privileges secured by statute or the common law may be.

The facts of this case present other questions, which we have not thought it necessary to determine.

The motion for a rehearing is refused.

*Motion Overruled.*

Writ of error refused.

April 29, 1897.