### DELMAS GIVENS v. MARIUS DELPRAT.

#### Decided March 21, 1902.

**1.—Injunction—Void Judgment—Adequate Remedy at Law.**

Equitable relief even as against a judgment which is void will be denied where the applicant for such relief has an adequate remedy at law, as where the time for a writ of certiorari had not expired when the injunction was applied for and obtained.

**2.—Same—Judgment on Injunction Bond—Practice on Appeal.**

Where defendant in an action for an injunction has not pleaded in reconvention against plaintiff and the sureties on his injunction bond, the appellate court, on the dissolution of the injunction, can not enter judgment on the bond for the amount of the defendant's judgment sought to be enjoined.

Error from Nueces. Tried below before Hon. Stanley Welsh.

*Turner & McCampbell,* for plaintiff in error.

PLEASANTS, ASSOCIATE JUSTICE.—Defendant in error brought this suit to enjoin the execution of a judgment against him in favor of plaintiff in error for $150 and cost of suit, rendered in the Justice Court of precinct No. 1 of Nueces County, on the 29th day of May, 1899. The petition for injunction was filed July 3, 1899, and a temporary injunction granted by the district judge as prayed for. The cause was continued by agreement from term to term until the 15th of May, 1901, on which date there was a trial upon the merits and judgment rendered perpetuating the injunction. The petition alleges the nonresidence of the defendant and service by publication, and that the judgment of the Justice Court was void for want of jurisdiction of the person of the defendant. The defendant answered by general demurrer and general denial. The facts fully sustain the allegations of the petition, and the court below so found.

The first assignment of error complains of the action of the court in overruling the general demurrer to the petition. It seems to be well settled by the decisions of our Supreme Court that the general rule of equity which denies relief by injunction when the party applying therefor has an adequate remedy at law applies to suits brought to enjoin a void judgment, and if the defendant in such judgment has had an opportunity to avail himself of a legal remedy to vacate it and has failed to make use of his remedy at law, relief by injunction should be denied him. Railway v. Ware, 74 Texas, 47; Railway v. Wright, 88 Texas, 347. The petition for injunction was filed fifty-five days be-

fore the right of the plaintiff below to a writ of certiorari had expired. It thus appearing from the face of the petition that the plaintiff had an adequate remedy at law, the court below erred in overruling the general demurrer, and the judgment of said court must be reversed and judgment here rendered dismissing plaintiff's suit.

The defendant in error asks that we render judgment against plaintiff in error and the sureties upon his injunction bond for the amount adjudged by the Justice Court to be due defendant in error. There was no pleading by defendant in the court below in reconvention against the plaintiff and the sureties on his injunction bond, and in the absence of such pleading the statute does not, upon a dissolution of an injunction, authorize any judgment against the plaintiff or the sureties on his injunction bond unless the court be satisfied that the injunction was obtained for delay only, in which case 10 per cent damages may be assessed. Rev. Stats., art. 3010; Railway v. White, 57 Texas, 130; Aney v. Stewart, 60 Texas, 154. The facts in this case do not authorize a judgment for damages for delay. The judgment of the court below is reversed and judgment here rendered dismissing plaintiff's suit.

*Reversed and rendered.*