### DODGE et al. v. YOUNGBLOOD et al.
#### (No. 6040.)

(Court of Civil Appeals of Texas. San Antonio.
Feb. 20, 1918. Rehearing Denied
March 20, 1918.)

1. STATUTES ☞109—TITLE—SUFFICIENCY.
The constitutional requirement that statutes contain only one subject to be expressed in the title is met where a law has but one general object fairly indicated by the title.

2. STATUTES ☞121(4)—TITLE—SUFFICIENCY—TRANSFER TAX.
Act May 16, 1907 (Acts 30th Leg. [1st Called Sess.] c. 21), entitled "An act to tax property passing by will or by descent or by grant or gift; taking effect on the death of the grantor or donor," does not unconstitutionally extend beyond the title's scope because providing for the appointment of an administrator to collect inheritance taxes.

3. EXECUTORS AND ADMINISTRATORS ☞20(4)—APPOINTMENT—INHERITANCE TAX.
Rev. St. 1911, art. 7491, authorizing the county court to appoint an administrator in inheritance tax proceedings without notice if no application for letters has been made within three months, etc., is, not invalid because not requiring that notice be given, especially as the property cannot be sold to satisfy inheritance tax claims until after notice.

4. CONSTITUTIONAL LAW ☞67 — JUDICIAL POWER—SUFFICIENCY OF NOTICE.
Under the inheritance tax law of May 16, 1907, providing that property cannot be sold for taxes until notice is given, the sufficiency of the notice is a judicial question.

5. TAXATION ☞859(1)—INHERITANCE TAX—APPRAISERS.
Act May 16, 1907, providing for the appointment of appraisers in inheritance tax proceedings, is constitutional.

6. CONSTITUTIONAL LAW ☞283 — DUE PROCESS—INHERITANCE TAX—ADMINISTRATOR.
Rev. St. 1911, art. 7491, authorizing appointment of an administrator in inheritance tax proceedings, does not deny due process of law contrary to the federal Constitution.

7. STATUTES ☞95(1)—GENERAL OR "SPECIAL LAW"—INHERITANCE TAX.
Act May 16, 1907, imposing inheritance tax-es, is not a special, but a general, law, applying equally and uniformly to every class affected by it.
[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Special Law.]

8. STATUTES ☞77(1) — "SPECIAL LAW" — WHAT CONSTITUTES.
A "special law" is one operating upon a portion of a class instead of upon all of the class.

9. TAXATION ☞895(9)—INHERITANCE TAX—ATTACKING APPRAISAL.
The appraisers' report to the county court in inheritance tax proceedings may be attacked before such court, although the inheritance tax law of May 16, 1907, does not provide for an appeal from the report.

10. TAXATION ☞905(1)—INHERITANCE TAX—NATURE OF PROCEEDINGS.
Under Act May 16, 1907, inheritance tax proceedings are purely in rem, and no personal judgment can be obtained.

11. EXECUTORS AND ADMINISTRATORS ☞91 — INHERITANCE TAX.
An administrator appointed under the inheritance tax law of May 16, 1907, is governed by the general statutes relating to the administration of estates.

12. TAXATION ☞900(1)—INHERITANCE TAX—APPEALS.
An appeal may be taken to the district court from inheritance tax orders made by the appraisers or the county court.

13. TAXATION ☞900(1)—INHERITANCE TAX—CERTIORARI.
Under Rev. St. 1911, art. 733, providing that a county court's proceedings regarding a decedent's estate may be reviewed by certiorari, the writ may issue to correct inheritance tax proceedings in the county court.

14. INJUNCTION ☞16 — GROUNDS — LEGAL REMEDY.
An injunction will not be granted where appeal or certiorari affords an adequate legal remedy.

15. TAXATION ☞905(1) — INHERITANCE TAX SALE.
Although Act May 16, 1907, authorizes the sale of property in inheritance tax proceedings after notice, such sale is subject to the requirements of Rev. St. 1911, arts. 3479–3507, relating to the sale of decedents' property.

16. INJUNCTION ☞28 — GROUNDS — LEGAL REMEDY.
An injunction will not be granted to prevent a county judge from enforcing a contract for excessive attorney's fees in an inheritance tax proceeding, since an adequate legal remedy would be afforded by certiorari proceedings in the district court.

17. EXECUTORS AND ADMINISTRATORS ☞31 — INHERITANCE TAX.
Under Rev. St. 1911, art. 3289, providing that an executor under a foreign will filed in Texas should supersede an administrator previously appointed there, an inheritance tax administrator appointed under Rev. St. 1911, art. 7491, is superseded by the executors under a probated foreign will.

Appeal from District Court, Real County; R. H. Burney, Judge.

Suit by N. P. Dodge, Jr., and Greenville D. Montgomery, as executors and trustees, against T. A. Youngblood, C. L. Bass, and D. D. Thompson, County Judge. Decree for defendants, and plaintiffs appeal. Affirmed.

W. D. Love and L. Old, both of Uvalde, for appellants. C. L. Bass, of San Antonio, and E. F. Vanderbilt, of Leaky, for appellees.

FLY, C. J. Appellants, N. P. Dodge, Jr., and Greenville D. Montgomery, describing themselves as executors and trustees of the estate of G. M. Dodge, deceased, brought this suit to restrain T. A. Youngblood, C. L. Bass, and D. D. Thompson, county judge of Real county, Bass and Youngblood from collecting any money or other thing of value belonging to the Dodge estate and from serving notice on tenants on the land of such estate or from canceling any lease or attempting to make any lease of said lands, and the county judge from granting any further orders or decrees in cause number 11 in the county court, wherein Youngblood was appointed administrator. It was alleged in the petition that appellants had been duly appointed executors and trustees of the estate of G. M. Dodge in Pottawattamie county, state of Iowa, and had qualified as such; that administration of the estate was pending; that in their capacity

as executors they had, on September 15, 1917, filed in the county court of Real county, Tex., their application for the probate of the will of G. M. Dodge, as provided in articles 3278, 3288, and 3289 of the Revised Statutes of Texas, giving legal notice of the same, and that the hearing had been set down for November 5, 1917; that said estate owned a large amount of land in Texas, the larger portion of which was situated in Real county, the reasonable value of the same being $150,000, the reasonable annual rental value being $4,000. It was further alleged that, without any notice, Youngblood had been appointed administrator of the estate of G. M. Dodge, in May, 1917; that he has attempted to qualify as such by giving a bond for $1,000, and is acting as administrator and taking control and management of said estate; that Bass is the attorney of record of Youngblood, and Thompson is the county judge; that Youngblood, has applied to the county court, and has been granted an order authorizing the employment of Bass and approving a contract between Bass and Youngblood for a large and exorbitant attorney's fee, and also ordering a suit to be filed to obtain a construction of the will of G. M. Dodge; that all charges were to come out of said estate, and that the same were wholly unnecessary and useless; that Bass and Youngblood had colluded with each other to damage and defraud the estate; that, in pursuance of the advice of C. L. Bass, Youngblood has served notice on the tenants of the estate that they must attorn to and pay the rents to him, or have their lease contracts set aside; and that Bass and Youngblood have offered to compromise large claims against the estate for small sums. A temporary restraining writ was granted, and the case set down for October 13, 1917. An amended petition was filed. On December 8, 1917, the cause was heard, and the temporary writ of injunction was dissolved, and the prayer for a permanent injunction denied.

In the answer it was alleged that the administration had been granted by the county judge on a report of the county attorney that the estate owed an inheritance tax to the state, and Youngblood had been appointed temporary administrator, and he had retained Bass as his attorney; that the court, upon the advice of Bass, had made Youngblood permanent administrator, without notice, and had appointed appraisers of the estate, who had not made a report, but had notified appellants of their appointment and duties.

Without the petition being aided by the allegations of the answer, which placed the administration upon the provisions of the inheritance tax law alone, this case would be considered under the general provisions as to the administration of estates. This court is forced by the allegations in the answer to consider the constitutionality of the inheritance tax law, and especially that part of it relating to the appointment of administrators.

In the act of 1907, appearing in the Revised Statutes of Texas as chapter 10, arts. 7487 to 7502, inclusive, provision is made for the collection under certain conditions of an inheritance tax. In the title to the act it is described as:

"An act to tax property passing by will or by descent or by grant or gift; taking effect on the death of the grantor or donor."

In section 5 of the act, being article 7491, Revised Statutes, it is provided:

"If within three months after the death of a decedent leaving property subject to taxation under this chapter, no application for letters testamentary or of administration shall be made, it shall be the duty of the county court to appoint an administrator. It shall be the duty of the county attorney to report to the judge of the county court all such estates, whether the property passes by will or by laws of descent or otherwise."

Article 7492 provides that the tax shall be assessed upon the actual or market value of the property, and that two appraisers, competent, disinterested persons, shall be appointed by the county judge to fix the value of property subject to the tax. It is also provided:

That the appraisers, after being sworn, shall give notice to all persons "known to have a claim or interest in the property to be appraised, including the executor, administrator or trustee, and the collector of taxes of the county, of the time and place when they will appraise the same."

[1, 2] The act in question is assailed as being unconstitutional, because it contains more than one subject, which is not expressed in its title. It is the rule that the requirement as to expressing the subject in the title to laws is to be liberally construed keeping in view the object to be attained and the end subserved by the constitutional provision. The object of such provisions is to prevent the grouping of diverse subjects of legislation under one head, with the view of combining advocates of any one subject, thus securing the passage of laws that would not stand on their own merits. Again, vicious legislation was often smuggled through legislatures by means of misleading titles to acts. Cooley, Const. Lim. pp. 203–205. The end desired is obtained when a law has but one general object, which is fairly indicated by the title. As said by Judge Cooley (Const. Lim. pp. 205, 206):

"To require every end and means necessary or convenient for the accomplishment of this general object to be provided for by a separate act relating to that alone would not only be unreasonable, but would actually render legislation impossible. * * * The generality of a title is therefore no objection to it, so long as it is not made to cover legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection."

The test is well supported by good authority. People v. Briggs, 50 N. Y. 553; Donnersberger v. Prendergast, 128 Ill. 229, 21 N. E.

1; People v. Haug, 68 Mich. 549, 37 N. W. 21; Montclair v. Ramsdell, 107 U. S. 147, 2 Sup. Ct. 391, 27 L. Ed. 431; Jonesboro v. Railway, 110 U. S. 192, 4 Sup. Ct. 67, 28 L. Ed. 116; Ackley School Dist. v. Hall, 115 U. S. 135, 5 Sup. Ct. 371, 28 L. Ed. 954; Carter v. Sinton, 120 U. S. 517, 7 Sup. Ct. 650, 30 L. Ed. 701; Battle v. Howard, 13 Tex. 345; Robinson v. State, 15 Tex. 311; Giddings v. San Antonio, 47 Tex. 535; Stone v. Brown, 54 Tex. 330.

It has been held that the word "subject," used in our present Constitution, is less restrictive than the word "object," used in former Constitutions, and it is held that the test under the present Constitution is:

"Does the title fairly give such reasonable notice of the subject-matter of the statute itself as to prevent the mischief intended to be guarded against? If so, the act should be sustained." Stone v. Brown, 54 Tex. 330.

In the case of Fahey v. State, 27 Tex. App. 146, 11 S. W. 108, 11 Am. St. Rep. 182, a law was attacked as being unconstitutional, in that it embraced more than one subject, and the court held, through Judge Hurt:

"Most clearly the subject of these acts is the regulation of the sale of spirituous, vinous, and malt liquors and medicated bitters. Now, if there be but one subject in the act, but more than one object, the act would not be obnoxious to the Constitution. We could concede, for the argument, that the objects of these acts are to regulate the sale of these liquors, to collect revenue, and divers other purposes and objects; still, unless there was more than one subject in the act, it would be valid—constitutional. Again, suppose that there be more than one subject mentioned in the acts. If they be germane or subsidiary to the main subject, or if relative, directly or indirectly, to the main subject, have a mutual connection, and are not foreign to the main subject, or so long as the provisions are of the same nature and come legitimately under one general denomination or subject, we cannot hold the act unconstitutional."

In addition to the Texas cases herein cited, Judge Hurt cites Breen v. Railway, 44 Tex. 306; Austin v. Railroad, 45 Tex. 267; Webb v. Maxan, 11 Tex. 678; and Tadlock v. Eccles, 20 Tex. 792, 73 Am. Dec. 213.

Under the authorities cited, as well as many others, we hold that the act of May 16, 1907, is not unconstitutional. That portion in regard to the appointment of an administrator to collect the taxes is in perfect harmony with the subject expressed in the title, and is not obnoxious to the constitutional provisions requiring the subject to be expressed in the title. There is but one subject treated in the act, and that is the collection of inheritance taxes.

[3] Our statutes permit the appointment of a temporary administrator of estates, without notice to any one, and that power has never been questioned, and we fail to see that it would be unconstitutional to appoint an administrator of an estate as provided in the act under consideration, without notice, especially where the law definitely and clearly puts every one interested in an estate upon notice that, if they take no action in a certain time, an administrator must be appointed. Certainly it cannot be reasonably contended that nonresidents are favored above the citizens of the state, and must have notice of the appointment of an administrator. The law gives all the notice that can be demanded.

[4-6] No property under the provisions of the act can be sold for taxes until notice is given to the interested parties by the appraisers, when the parties notified can appear and contest if they see proper. What would be proper or sufficient notice is a matter of construction. The statute says notice must be given; and the sufficiency of the notice would be a question to be addressed to a court. In regard to a similar law to this, it has been held:

"The Legislature not having prescribed the kind of notice, it may be personal or by mail." Atty. General v. Roche, 219 Mass. 601, 107 N. E. 667.

The Legislature had the right to provide for the appointment of appraisers, and no constitutional right of the appellants was infringed thereby. The appointment of an administrator is a part of the procedure in the county court prescribed for the collection of taxes, and it is not obnoxious to the due process clause of the federal Constitution. Due process of law has been exercised when the law of the state on the subject has been followed. White v. White (Sup.) 196 S. W. 508.

[7, 8] The law in question is not a special, but a general, law, applying equally and uniformly to every class of persons affected by its terms. It is a general law because it bears on every part of the state and on every person coming within its terms. A special law is one operating upon one or a portion of a class instead of upon all of a class. The law under consideration operates alike upon all brothers or sisters of the deceased, or a lineal descendant of such brother or sister, alike on all uncles or aunts or their lineal descendants, and alike upon any other persons, natural or artificial, that may inherit the property.

The statute empowers the county court to appoint the administrator and gives authority to the county judge, upon the filing of the report of the appraisers, to calculate the amount of the taxes. The law fixes the rate of taxation, and it is only a matter of calculation for the county judge to ascertain the taxes.

[9] No provision is made in the law for any appeal from the report of the appraisers, nor is there any provision for the report being considered by the county court. The only provision is that the report shall be made to the county judge, "who shall file such report." Still notice from the appraisers is required, and any one feeling aggrieved could assail the report before the county court, through and by which the whole scheme for collecting the inheritance tax is

administered. From the time the administrator appointed by the county court is in charge, every step in the proceeding is taken under its supervision and review of a court. After the administration is opened every step taken to collect the taxes is a part and parcel of the administration. It is the ruling in all the states that the jurisdiction as to the tax proceedings is based on the authority to grant administration. Gleason & Otis, Inh. Tax. pp. 404, 405, 406.

[10-12] No personal judgment against any one is contemplated or provided for in the inheritance statute. It is purely a proceeding in rem, and we think that the inheritance law, while not in terms so stating, intended that the administrator under its provisions should administer the estate in the same manner as any other administrator would, and that the rules provided in the general statutes as to administrations would apply to the administrator provided for in the inheritance tax law. He would take possession of the property belonging to the estate, would allow or reject claims, and perform all other duties required of other administrators or executors. This would appear from the fact that in the law he is placed on the same footing as the executor or trustee or administrator appointed under the general law. He would be compelled to take the required oath, would give the required bond, and be governed in all particulars as would any other administrator or executor. In article 7494 the administrator, executor, or trustee is required to deduct the amount of the tax from any money that comes into his hands, in article 7495 provision is made for payment of legacies, in article 7497 provision is made for suits for the taxes against the executor, administrator or trustee, and in article 7501 provision is made as to final accounts by the executor, administrator, or trustee. It was evidently the intention of the Legislature that the act for the collection of inheritance taxes should be read into and become a part of the law of administration of estates. If this construction of the law is tenable, then, if any one interested in the estate be aggrieved by any of the proceedings, whether of the appraisers or the county judge, he could appeal to the district court and have the matter reviewed.

[13] Appellants could have applied to the district court for a writ of certiorari to the county court in order that any proceedings in the county court might be revised and corrected. Article 733, Revised Stats.; Williams v. Steele, 101 Tex. 382, 108 S. W. 155. As said in the case cited:

"The orders of the county judge made in this estate constitute 'proceedings of the county court,' which the district court may review by certiorari. The fact that a proceeding is void does not prevent the district court from exercising its appellate jurisdiction."

[14] While in Texas the rule as to the applicant for injunction having an adequate legal remedy has been greatly relaxed, still it will not be granted to revise the orders of a court of competent jurisdiction, when the applicant has a legal remedy by appeal or certiorari. No decision has held that the judgment of a court can be reviewed through a writ of injunction when there is a plain and efficacious remedy by appeal or certiorari.

The inheritance tax law provides that the appraisers shall give notice to all persons known to have a claim or interest in the property appraised, and there could be but one reason for such notice, and that would be to give such persons the opportunity to be heard as to the valuation of the property and file objections to the report when filed with the county judge. The interested person could contest the valuation before the county judge and could appeal from his order fixing the amount of the taxes, because such decision would be a proceeding of the county court from which appeal or certiorari would lie. Clearly the interested parties would have their day in court.

[15] Although the law in question gives the authority to the executor, administrator, or trustee, after due notice to persons entitled to the property, to sell the property or so much thereof as may be necessary, still we hold that such sale would be made under the terms and requirements as to sales of property of decedents provided in the general statutes as to administration, that is, by order of the court, on the terms and in the manner prescribed by the court, upon a written application of the executor or administrator in the form provided by law, and in full compliance with all of the provisions of title 52, c. 22, Revised Statutes of Texas. We think that the administration provided for in the law of inheritance taxes, whether it be one inaugurated to collect such taxes, or one already existing, will be governed by the same laws as all other administrations of estates, and that the same opportunity to be heard will be extended in the one case as the other.

[16] If the county judge approved an unconscionable contract for attorney's fees, the district court could by certiorari review the order of the county judge and prevent the exploitation of the estate. Appellants had a full, complete, and adequate remedy for everything of which complaint is made by means of a writ of certiorari, and did not show themselves entitled to an injunction.

[17] When the will is probated, the executors will supersede the administrator appointed by the court. Article 3289, Rev. Stats. The will in this case had not been probated when the application for injunction was made.

The judgment is affirmed.