**DODGE et al. v. YOUNGBLOOD et al.**
**(Nos. 362-3190.)**

(Commission of Appeals of Texas, Section A.
Dec. 6, 1922.)

Executors and administrators ⚖══122(1)—Administrator appointed to represent estate in adjudication of inheritance tax has limited powers.

The powers of an administrator appointed by the court, in pursuance of Rev. St. 1911, art. 7491, are limited to representing the estate in adjudication of the inheritance tax, and county judge, after having appointed one such an administrator, was without power to, subsequently, without any written motion by any one and without service of citation, appoint him permanent administrator with general powers under Laws 1907, c. 21, p. 496, in view of Rev. St. 1911, tit. 52, c. 4.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by N. P. Dodge, Jr., and another, as executors and trustees, against T. A. Youngblood and others. From a judgment of the Court of Civil Appeals (202 S. W. 116), affirming a decree for defendants, plaintiffs bring error. Judgment reversed.

Denman, Franklin & McGown, of San Antonio, and W. D. Love, of Uvalde, for plaintiffs in error.

C. L. Bass, of Wichita Falls, and E. F. Vanderbilt, of San Antonio, for defendants in error.

SPENCER, P. J. Upon a report of the county attorney of Real county that the estate of G. M. Dodge owed the state an inheritance tax, defendant in error D. D. Thompson, county judge, appointed defendant in error T. A. Youngblood temporary administrator, and subsequently permanent administrator, of the estate of Dodge, and the latter retained defendant in error, C. L. Bass, as his attorney.

Plaintiffs in error N. P. Dodge, Jr., and Greenville D. Montgomery alleged that they had been duly appointed and qualified as executors and trustees of the estate of Dodge, in Pottawattamie county, state of Iowa, where the administration of the estate of Dodge was pending; that in their capacity as such executors they had, on September 15, 1917, filed in the county court of Real county, an application, under articles 3278, 3288, 3289, Rev. Civ. Stat. 1911, for the probate of the will in Texas, and that a hearing upon the issue of admitting the will to probate had been set for November 5, 1917.

This suit was instituted by plaintiffs in error against defendants in error, to restrain Youngblood and Bass from collecting any money or other thing of value belonging to the Dodge estate, from selling or offering for sale or lease any of the lands of the estate, and from compromising or offering to compromise any claim or debt of the estate, and to restrain the county judge from granting any further orders or decrees in the cause.

A temporary restraining writ was granted, and the case was set down for October 13, 1917. On December 8, 1917, the cause was heard, and the temporary writ of injunction was dissolved, and the prayer for a permanent injunction denied. Upon appeal the judgment was affirmed. Dodge et al. v. Youngblood et al. (Tex. Civ. App.) 202 S. W. 116.

The only question to be determined in order to dispose of the case is whether an administrator appointed by the court, in pursuance of article 7491, has the same powers as an executor, trustee, or administrator appointed under the general law, or is he limited to the duties of representing the estate in the adjudication of the inheritance tax? The Inheritance Tax Law was passed by the Thirtieth Legislature (Gen. Laws 1907, c. 21, p. 496). By section 4 (article 7490, Rev. Civ. Stat. 1911) it was made the duty of the executor, administrator, or trustee, as the case might be, to file within three months after his appointment an inventory and appraisement of the estate of a decedent leaving property subject to taxation under the act. Refusal or neglect to comply with the provisions subjects him to a penalty of not exceeding $1,000.

Section 5 of the act (article 7491, Revised Civil Statutes 1911) reads:

"If within three months after the death of a decedent leaving property subject to taxation under this chapter, no application for letters testamentary or of administration shall be made, and it shall be the duty of the county court to appoint an administrator. It shall be the duty of the county attorney to report to the judge of the county court all such estates, whether the property subject to taxation passes by will or by the laws of descent or otherwise."

Section 16 of the act (article 7502, Revised Civil Statutes 1911), provides:

"If for any reason administration of an estate of a decedent, leaving property subject to taxation under this law, shall not be necessary in this state, except in order to carry out the provisions of this chapter, it shall be in the discretion of the county judge, upon the filing of a satisfactory inventory of the taxable property by the trustee or owner, to dispense with the appointment of an administrator. Upon the filing of such inventory, the appraisement and other proceedings required by this chapter shall be had as in other cases."

Articles 7490 and 7491 have been amended by the Legislature, but as these amendments

do not affect this case, it will be unnecessary to further notice these amendments.

The duty under the act to file an inventory of the estate by executors, administrators, and trustees applies only in the event there is property subject to the tax. If there is no property subject to the tax the duties of the executor, administrator, and trustee are unaffected by the act. If there is property of the estate subject to the tax, but no application for letters testamentary or of administration filed within three months, then it becomes the duty of the county judge, subject to the discretion given him by section 16, to appoint an administrator.

It was not intended by these provisions to amend the general laws with reference to appointment of administrators. In authorizing the appointment under the act, the intention of dispensing with the requirements of title 52, c. 4, Rev. Civ. Stat. 1911—requiring an application for letters of administration, and the issuance and service of citation—and of clothing the administrator with the general powers of an administrator, was absolutely foreign to the legislative mind. The only object sought to be attained by the Legislature, according to the manifest intention of the act, was the speedy collection of the tax imposed by the law.

To accomplish the purpose of the act, the county judge was empowered to appoint an administrator. In the absence of an intention upon the part of the Legislature to clothe the administrator appointed under the Act with the general powers of administering the estate, he should be circumscribed in his powers and limited in his duties to the very purpose and object of his appointment, to wit, the adjudication of the inheritance tax matter.

There can be no doubt of the limited powers of the administrator in this case. Upon the report of the county attorney, that the estate of Dodge was subject to an inheritance tax, Youngblood was appointed temporary administrator of the estate. Subsequently, without any written motion by any one and without service of citation, the court attempted to appoint him permanent administrator with general powers. This the county judge was without power to do under such circumstances. The appointment of the court in the first instance was a valid exercise of the power given it by the act, and conferred upon the administrator the limited powers above referred to, but the subsequent act of the court was invalid and of no effect.

We recommend, therefore, that the judgments of the district court and of the Court of Civil Appeals, refusing the permanent injunction prayed for, be reversed, and that a writ of injunction issue, restraining defendants in error from doing any and all the things complained of in plaintiffs in error's petition, except in so far as it is necessary to carry out the purposes of his appointment as hereinbefore defined.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and judgment rendered for plaintiffs in error, as recommended by the Commission of Appeals.