### HETKES v. GEHRET et al. (No. 9281.)

Court of Civil Appeals of Texas. Galveston.
March 21, 1929.

Rehearing Denied April 11, 1929.

Paul Drouilhet, of Galveston, for appellant.
O. S. York, of Galveston, for appellees.

LANE, J. On the 6th day of September, 1927, H. J. Hetkes filed suit in the Fifty-Sixth district court of Galveston county against Eugene Gehret and wife, Rose Gehret, praying for a recovery of a judgment for the sum of $514.36; said suit being numbered 43489 on the docket of said court.

Plaintiff Hetkes in said suit, No. 43489, substantially alleged that the sum sued for was that part of the total cost of the paving of Thirty-First street in the city of Galveston which was assessed against lot 7, in the southeast quarter of out lot No. 88 in said city, and its owners, which said lot abutted on the street so paved. He alleged the existence of a paving lien against said lot and prayed for judgment for the sum sued for and for a foreclosure of his alleged lien.

The defendants were duly served with cita-

tion in said cause, but when the cause was called for trial they failed to appear or to make answer, and on the 11th day of October, 1927, judgment was rendered in said cause for the plaintiff for the sum sued for, and for a foreclosure of his alleged lien on said lot. No appeal was taken from such judgment, and it therefore became final.

In due time an execution and an order of sale was issued upon such judgment directed to the sheriff or any constable of Galveston county, commanding them to seize and sell said lot No. 7 in the southeast quarter of out lot 88 in the city of Galveston to satisfy the judgment rendered in said cause No. 43489. Such execution and order of sale were placed in the hands of R. E. Kirk, sheriff of Galveston county, for execution, and by virtue thereof Kirk levied upon said lot and advertised the same for sale on the 3d day of January, 1928.

On the 28th day of December, 1927, Gehret and wife brought this suit against R. E. Kirk to restrain him and his deputies from making sale of said property.

The applicants for injunction, Gehret and wife, filed four pleadings indorsed, respectively: "Application for Injunction," "Plaintiffs' First Amended Original Petition," "Petitioners' Trial Amendment," and "Plaintiffs' Second Trial Amendment." By these several pleadings they substantially allege that the city of Galveston by ordinance ordered the pavement of Thirty-First street, including that portion thereof upon which lot 7 in the southeast quarter of out lot 88, owned by them, abuts; that H. J. Hetkes, under a contract with said city, paved said street and that part thereof abutting on their property; that at the time said pavement was ordered and at the time of said contract and at the time said pavement was laid, lot 7 in the southeast quarter of out lot 88 was their homestead, as it had been many years theretofore; that at all the times mentioned and at the time cause No. 43489 was filed by H. J. Hetkes, and at the time citation was served upon them in said cause and at the time judgment was rendered in said cause, H. J. Hetkes knew that said property was their homestead, and therefore the judgment rendered in cause No. 43489 was and is void in so far as it foreclosed a lien against their homestead. They prayed that said judgment be reformed so as to constitute a personal judgment only against them for the sum sued for, and a removal of the cloud cast upon their homestead by such judgment.

H. J. Hetkes intervened in this suit and demurred generally to the plaintiffs' petition, or petitions, in that they showed that the questions involved in this suit had been adjudicated by the judgment in cause No. 43489. He pleads such judgment in bar of the plaintiffs' right to the injunctive relief prayed for in this suit.

Upon final hearing of the plaintiffs' suit for injunctive relief, the court found facts and reached conclusions as follows:

"First. I find that on the 6th day of October, 1927, as well as at the present time, and for some 10 or 12 years heretofore, lot 7 in the southeast quarter of out lot 88 in the city and county of Galveston, Tex., was and is the homestead of the plaintiffs Eugene Gehret and wife, Rose Gehret, and was during all of said time occupied as such by the said parties.

"Second. That Eugene Gehret and wife Rose Gehret did not file an answer nor plead homestead in cause No. 43489 because they were informed and believed that a lien could not be foreclosed against their homestead in said action and that no defense on their part was necessary.

"I find that H. J. Hetkes, the plaintiff in cause No. 43489, knew at the time the paving in question was constructed as well as at the time cause No. 43489 was instituted and at the time of the entry of default judgment therein that the property in question was the homestead of plaintiffs Gehret and wife and was occupied by them as such.

"I also find that plaintiff Hetkes' attorney, Paul H. Drouilhet, as well as myself, as judge of the court, knew at the time the default judgment was entered in cause No. 43489 that the property in question was homestead, and that the paving lien asserted in plaintiff's petition in said cause did not constitute a valid lien against said property.

"I also find as a fact that at the time Mr. Drouilhet secured said default judgment in cause No. 43489, and before said judgment was entered, and in connection with the introduction of the necessary proof of the establishment of said judgment, I, as judge of this court, discussed with Mr. Drouilhet the fact that the property in question was the homestead of Gehret and wife, and the further fact that the paving lien described in plaintiff's petition could not under the Constitution constitute a valid lien against said property, and that this fact was freely discussed between the court and Mr. Drouilhet. The court informed Mr. Drouilhet that he would enter the default judgment, but that, if Gehret and wife applied for a new trial before the term ended, same would be granted.

### Conclusions of Law.

"First. As shown in my findings of fact above, I knew as judge of this court at the time I entered the default judgment in cause 43489 that the property in question was homestead and I also knew that no lien could be created on said property by the proceedings of the city of Galveston as set up in plaintiff's petition, and that Mr. Drouilhet, attorney for Hetkes likewise knew these facts. At the time I entered this default judgment I was under the erroneous impression that it was incumbent upon Gehret and wife to plead and prove the property as homestead, and not

having done so before default day, that Hetkes was entitled to the default judgment.

"As I read and understand the cases of Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770, and Eureka Paving Co. v. Barnett (Tex. Com. App.) 234 S. W. 1081, the underlying principal on which the court proceeded was that both the plaintiff and the court knew that they were dealing with homestead property and that the lien asserted was an invalid one under the Constitution, at the time the default judgment was entered; that in those two cases the court in effect says that the fact the court and the plaintiff knew the property was homestead is evidenced by the plaintiff's petition. While it is true there was nothing contained in plaintiff's petition in cause 43489 indicating that the property in question was homestead, still it is an admitted fact that both Mr. Drouilhet and the court well knew the property was homestead and freely discussed that fact before the default judgment was entered. I can find no case closer to the principle than the two cases cited above, but believing that the real principle on which these two. cases were decided was the fact that the court and the plaintiff knew they were foreclosing an invalid lien on homestead property, I therefore am constrained to the opinion that, if it be clearly and unquestionably shown, as in this case, that the court and the plaintiff knew this fact independent of the pleadings, it is the court's duty to correct its illegal and unauthorized act in establishing and foreclosing said valid lien. In reaching this conclusion I also believe and so find that the discussion had between the court and Mr. Drouilhet in connection with the taking of the default judgment was tantamount to the introduction of evidence in the case. Accordingly I conclude that the defendant R. E. Kirk, as sheriff of Galveston county, Tex., and all of his deputies should be perpetually restrained from selling or threatening to sell the property in question under the order of sale issued in cause 43489, and that said judgment in cause 43489 should be reformed so as to leave it a personal judgment against the said Eugene Gehret and wife eliminating the lien feature, and that the cloud cast upon plaintiff's property by reason of said judgment should be removed. To which findings and conclusions defendants except."

No statement of facts has been filed in this court. Upon the findings and conclusions of the court judgment was rendered and entered decreeing that the judgment in cause No. 43489 be so reformed as to eliminate the lien and foreclosure decreed thereby upon the plaintiffs' property in favor of H. J. Hetkes; that R. E. Kirk, sheriff of Galveston county, and each and all of his deputies, be perpetually restrained from selling, or threatening to sell, plaintiffs' said property by virtue of the execution and order of sale issued upon the judgment rendered in cause No. 43489. It is further recited in the judgment as follows:

"And it is further ordered, adjudged, and decreed that the judgment entered in said cause No. 43489 in this court on the 11th day of October, 1927, be reformed so as to leave said judgment merely a personal judgment against the said Eugene Gehert for the amount named therein, eliminating and deleting the lien and foreclosure thereof provided for in said judgment against said lot 7 in the southeast quarter of out lot No. 88 in the city and county of Galveston, Tex., and that the cloud cast upon the title to said property by virtue of said judgment and the establishment and foreclosure of said lien be, and the same is hereby, removed."

Defendant Hetkes has appealed from the judgment so rendered and insists that the court erred in not sustaining his general demurrer to the plaintiffs' petition and in not sustaining his plea of res adjudicata.

We think the contention of appellant should be sustained. There can be no doubt that the pleadings of the plaintiffs show affirmatively that in suit No. 43489 the plaintiff therein alleged that he had a lien upon the property involved in this suit to secure the payment of the paving assessment made against it by the city of Galveston; that the plaintiffs in this suit, appellees here, were duly served with citation in cause No. 43489; and that because the property was their homestead, and because they believed from a statement made by one, whose name is not disclosed, that Hetkes did not have, and could not have, a lien, and could not foreclose the lien set out in his petition, they failed to make answer or to interpose in any manner any defense to the plaintiff's suit. It is also shown by the plaintiffs' petition that the main grounds alleged as cause for the relief prayed for is that the judge who tried cause No. 43489 and rendered judgment therein, and counsel for plaintiff Hetkes, had a conversation prior to the entry of the judgment in cause No. 43489 wherein the fact that the property involved was the homestead of Gehret and wife was discussed, showing that they knew that it was such homestead.

We agree with appellant that on its face in none of the plaintiffs' pleas is there any ground shown for the relief prayed for, and that the court erred in not sustaining his demurrer to such pleadings.

█ The pleadings of the plaintiffs in this cause do not allege that any fraud was practiced in the procurement of the judgment in cause No. 43489, which could form a basis for injunctive relief therefrom; no irregularity in the procurement of such judgment is complained of; there was no showing, nor any attempt to show, that Gehret and wife made any effort to have the judgment set aside either by motion for a new trial or by an appeal, but, to the contrary, they admit

that no such effort was made. The sum and substance of their petition is that the plaintiff in cause No. 43489, his counsel and the judge trying the cause, knowing that the property constituted the homestead of Gehret and wife, should have made a defense for them which they failed to make for themselves, though duly cited to make answer to the plaintiff's suit. They made no attempt to bring themselves under the rulings made in the cases of Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770, and Eureka Paving Co. v. Barnett (Tex. Com. App.) 234 S. W. 1081. They made no allegation that the petition in cause No. 43489 disclosed the fact that the property was their homestead, but, to the contrary, alleged that there was no such allegation in such petition. The mere fact that the trial judge and the counsel for plaintiff in cause No. 43489 knew that the property was the homestead of Gehret and wife would not supply defensive pleas in their behalf which they failed to make. It is apparent that had Gehret and wife appealed from the judgment in cause No. 43489 that the knowledge of the judge and counsel for Hetkes that the property was homestead would have found no place in the statement of facts as evidence in that case. It is well settled that an injunction will not be granted to take the place of an appeal. Thacher Medicine Co. v. Trammell (Tex. Civ. App.) 279 S. W. 309; Galveston, H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S. W. 918; Lyons Bros. Co. v. Corley (Tex. Civ. App.) 135 S. W. 603; Pye v. Wyatt (Tex. Civ. App.) 151 S. W. 1086; Cariker v. Dill (Tex. Civ. App.) 140 S. W. 843.

In the case of Galveston, H. & S. A. Ry. Co. v. Ware, supra, it is held that the general rule of equity should apply, and that, if a defendant in a voidable judgment has had an opportunity to avail himself of a legal remedy to set aside or vacate it and has neglected to make use of it, relief by injunction should be denied him.

It is also well settled that, where every objection urged in a second suit was open to the party within the legitimate scope of the proceedings in the first suit, and might have been presented in that trial, the matter must be considered as having passed in rem judicatum, and that "an adjudication is final and conclusive, not only as to matters actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to or essentially connected with the subject-matter of the litigation and every matter coming within the legitimate purview of the original action." Hanrick v. Gurley, 93 Tex. 480, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Freeman v. McAninch, 87 Tex. 139, 27 S. W. 97, 47 Am. St. Rep. 79; Ewing v. McNairy, 20 Ohio St. 322; Nichols v. Dibrell, 61 Tex. 539.

The rule above stated is supported by the authorities cited, as follows:

Freeman v. McAninch: "If a party fails to plead a fact he might have pleaded, or makes a mistake in the progress of an action, or fails to prove a fact he might have proved, the law can afford him no relief. When a party passes by his opportunity the law will not aid him."

Ewing v. McNairy: "By refusing to relieve parties against the consequences of their own neglect, it seeks to make them vigilant and careful. On any other principle there would be no end to an action, and there would be an end to all vigilance and care in its preparation and trial."

In Nichols v. Dibrell, a case in which the homestead question was involved, it was said: "The decision of a court of competent jurisdiction is conclusive, not only as to the subject-matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided."

It is further said: "The homestead right is not of a character to make it an exception to the rule which we have announced as to the plea of res adjudicata. It has been frequently attempted in this state to exempt it from the operation of the rule, but it has always been held that when it might have been pleaded in the former suit it was too late to set it up in the latter."

Clearly the trial court should have sustained appellant's general demurrer to the plaintiffs' petition, but since the court overruled the same, thereby inducing appellees to go to trial thereon, it would be unfair to them to reverse and render the cause in favor of appellant, thus cutting appellees off from amending their petition, if they so desired.

We therefore reverse the judgment, and remand the cause so as to give appellees an opportunity to amend their pleadings, if they so desire.

Reversed and remanded.