### MILLS et al. v. DISNEY et ux.
### No. 1112.

Court of Civil Appeals of Texas. Eastland.
Oct. 21, 1932.

Conner & McRae, of Eastland, for appellants.

L. R. Pearson, of Ranger, for appellees.

LESLIE, J.

This appeal is from the order of the district judge of Eastland county granting a temporary injunction in behalf of R. A. Disney and wife to restrain V. W. Mills and the sheriff of Eastland county from selling property described in the petition under and by virtue of an order of sale issued out of the district court of Eastland county in cause No. 15192, in which V. W. Mills was plaintiff and the Disneys were defendants. The right to injunctive relief is based upon the alleged ground that the judgment in said cause is void, in that it was obtained by default, foreclosing a paving or assessment lien against property belonging to the Disneys and which constituted their homestead at the time of the fixing of the lien, as well as the obtaining of the judgment.

No copy of the alleged void judgment is attached. Its invalidity is not otherwise made to appear, but the pleadings disclose that the judgment was taken March 24, 1932. The petition for injunction in the instant case was presented to the district judge on the 7th day of June, 1932, and granted the same day. Hence the petition shows on its face that the plaintiff had at that time an adequate remedy at law, to wit, writ of error (article 2255, R. S. 1925), by which he could have had reviewed the order and judgment below. For that reason the plaintiffs are not entitled to the equitable relief sought. San Antonio & A. P. Ry. Co. v. Glass (Tex. Civ. App.) 40 S. W. 339; Galveston, H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S. W. 918; Jeffers v. Rondeau (Tex. Civ. App.) 1 S.W.(2d) 380; Dodge v. Youngblood (Tex. Civ. App.) 202 S. W. 116; Id. (Tex. Com. App.) 245 S. W. 225; Malone v. U. S. F. & G. Co. (Tex. Civ. App.) 9 S.W.(2d) 461; Svoboda v. Alexander (Tex. Com. App.) 3 S.W.(2d) 423; Givens v. Delprat, 28 Tex. Civ. App. 363, 67 S. W. 424; Woodley v. G. C. & S. F. Ry. Co. (Tex. Civ. App.) 20 S.W.(2d) 842, 843, and authorities therein; Ayres v. Parrish, 15 Tex. Civ. App. 541, 40 S. W. 435; Hill v. Brown (Tex. Com. App.) 237 S. W. 252; Thacher Medicine Co. v. Trammell (Tex. Civ. App.) 279 S. W. 307; Hetkes v. Gehret (Tex. Civ. App.) 16 S.W.(2d) 395; Texas-Mexican Ry. Co. v. Wright, 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200.

An injunction will not be granted to take the place of an appeal or writ of error. Hetkes v. Gehret, supra; D. F. Connolly Agency v. Popejoy (Tex. Civ. App.) 290 S. W. 831; Kyle v. Richardson, 31 Tex. Civ. App. 101, 71 S. W. 399; Turner v. Patterson, 54 Tex. Civ. App. 581, 118 S. W. 565; Race v. Decker (Tex. Civ. App.) 214 S. W. 709.

The mere averment that a judgment is void is but a legal conclusion, and not such allegation of fact as to warrant the granting of an injunction. Pye v. Wyatt (Tex. Civ. App.) 151 S. W. 1086; Lester v. Gatewood (Tex. Civ. App.) 166 S. W. 389; 49 C. J., p. 68, § 48.

For the reasons assigned, the judgment below is reversed, and the injunction is dissolved. It is so ordered.