**In re JAMES IRR. DIST.**

**In re RECLAMATION DIST. NO. 1606.**

**Nos. 4632, 4633.**

District Court, S. D. California, N. D.

Jan. 10, 1939.

A. L. Cowell, of Stockton, Cal., for petitioners.

Ralph A. Wood, Jr., of San Francisco, Cal., for respondent Walter J. Selby.

W. Coburn Cook, of Turlock, Cal., and Charles L. Childers, of El Centro, Cal., for respondents James H. Jordan and others.

W. Coburn Cook, of Turlock, Cal., and Charles L. Childers, of El Centro, Cal., for respondent J. Ofelth.

McCORMICK, District Judge.

This is a debt composition proceeding upon the petition of James Irrigation District under Chapter 9 of the Bankruptcy Act (52 Stat. 939, 11 U.S.C.A. § 401 et seq.). The matter is correlated to and interdependent with a similar separate proceeding herein. instituted by Reclamation District No. 1606.

Each petitioning debtor is a taxing agency organized and existing in the State of California and pursuant to the laws of said state. The area of land contained in the Districts respectively lies within the County of Fresno. The lands affected by the two public bodies are not coterminous, but much of them lie within both the Irrigation District and the Reclamation District. This situation renders any practical debt readjustment relating to the irrigating and farm activities of the area inextricably connected, and the plan set out in the two petitions, and the requirements of the contractual arrangement with Reconstruction Finance Corporation under which money has been raised to effectuate debt reduction under the Bankruptcy Act necessitates considering the two public taxing entities together.

It has been made clear to us from the evidence produced at the hearing of the two proceedings that each District is hopelessly impoverished unless a plan of debt reduction is consummated.

The court at the conclusion of the hearings made its findings of the complete insolvency of each District. It is therefore unnecessary to discuss the utter impossibility of the Districts respectively to meet outstanding obligations in the form of either bonds or warrants described in the petitions respectively and affected by the plan under consideration.

We have, in written conclusions filed this day in debt composition proceedings In Re Merced Irrigation District and In Re Lindsay-Strathmore Irrigation District, expressed our view of some of the issues that are involved in these proceedings, and we therefore feel, in view of our conclusions in both of those matters, that any extended discussion here is unnecessary. Suffice it to say that we find and determine that the plan stated in the petitions and shown by the record should be confirmed, on condition that James Irrigation District out of its own funds pays to each nonconsenting creditor, upon surrender of his securities for the net purchase price according to the plan, interest on such net purchase price at the rate of 4 per cent. per annum from October 31, 1935, to December 27, 1937. This we understand has been done in the transactions with all consenting creditors. We think all should receive such interest payments.

It appears that creditors holding more than 95 per cent. in value of the obligations of each District that are affected by the plan have voluntarily accepted and filed their consents to the consummation of the plan by this court. We think this is most persuasive evidence as to the fairness and equity of the scheme of debt reduction submitted to the court, and when added to this the long and probably permanent insolvent condition of each District is considered, the merit of each proceeding appears incontrovertible. All bond owners and warrant holders are treated alike in the plan.

There is one contention of certain objecting creditors that we consider advisable to mention briefly in this memorandum.

It appears that upon each default in payment of bonds, coupons or warrants in the Irrigation District, creditors, in order to preserve rights under Sections 52 and 61a of the California Irrigation District Act (St.Cal.1897, p. 272, § 52, as amended by St.1931, p. 172, and § 61a, as added by St.1915, p. 1369, as amended by St.1933, p. 1317), regularly presented their bonds, coupons and warrants to the officials of the District for payment, and upon the District's inability to pay, an endorsement of presentation was made upon the respective documents. It is claimed that this entitled the owners of such instruments to preferment in this bankruptcy proceeding, and that such endorsed bonds and coupons are entitled to priority over other bond obligations sought to be adjusted in this proceeding, that such action impressed a trust upon the fund conditionally borrowed from Reconstruction Finance Corporation in favor of the registered obligations, and that they must be paid in full. We cannot agree with this contention. The fund provided for the acquisition of outstanding

obligations of the District is specific, limited and "ear marked," and is not replenishable by an inexhaustible taxing power. It must be prorated among all bond owners. Kerr Glass Mfg. Corp. v. City of San Buenaventura, 7 Cal.2d 701, 62 P.2d 583; Brown-Crummer Inv. Co. v. City of Burbank et al., D.C., 17 F.Supp. 469.

We think that the presentation and endorsement of such obligations does not create a lien. In re Imperial Irrigation District, D.C., 10 F.Supp. 832. It is merely a statutory method to provide a convenient and equitable means of ordinary payment when funds are not available for complete payment to all obligees of like debts. Instead of giving a preference to the registered bond owner, the purpose of the statute is to preserve equality between all bond holders. The same situation cannot exist in mere suspended or temporary inability of the district to meet bond requirements and where complete insolvency and bankruptcy intervenes, as in the proceedings under consideration. Here the ordinary processes under applicable local law are ineffectual, and recourse is necessarily made to this court's processes in bankruptcy. In such case where no lien right differences exist as between those affected by the plan, as we think is the case here, the necessities of the situation require equal treatment of them all.

If the registering bondholders could assert a preferred status here, the whole scheme of parity between the bondholders under the plan of bond debt composition and under the proper administration of matters in bankruptcy would be destroyed. It so happens in this specific matter that only a few, relatively speaking, of the bondholders presented their bonds and had them endorsed, and therefore in the general effect on this debt composition by giving them a preference no great financial strain would be placed upon the District, but in other similar matters of irrigation districts in California that have been before this court a great majority of matured bonds and interest coupons have been similarly registered, and if they are to be given priority over unmatured bonds the entire available money obtained in the debt composition project under Chapter 9 would be paid to the registered bondholders, and the unregistered bonds and coupons will not be paid anything. Such a result will destroy the ratable distribution and parity requirements of debt composition proceedings by irrigation districts pursuant to Chapter 9 of the Bankruptcy Act. It follows that all creditors named in the petition or who have appeared in this proceeding are, pursuant to the terms of paragraph (b) of Section 83 of Chapter 9 of the Bankruptcy Act, 11 U.S.C.A. § 403(b), determined to be as of one class.

The only alternative to the plan submitted by the debtors is a modification proposed by certain objecting bondholders. This proposal has not been accepted by either of the Districts or by Reconstruction Finance Corporation, which has conditionally supplied the necessary money to enable the Districts to effect any refunding scheme. These objectors ask this court to change the plan before approving it by requiring the payment to them of $300 on each $1,000 of the principal of their bonds and in addition approximately $170 in interest upon each $1,000 of bond principal. This would give to those who have held out and contested the proceedings approximately $470 for each $1,000 bond as against a maximum of about $250 for the entire obligation of each $1,000 bond to the more than 95 per cent. of all the bondholders who have consented to the plan of debt composition set forth in the petitions. As a matter of price adjustment under the plan the consenting creditors have received less than $250 because of the differentials by reason of the bond deposit requirements in the Reclamation District proceeding.

We think the alternative suggested is entirely out of line with equity and fair dealing as between those who unfortunately invested in the Districts. To require the debtors to accept this proposal as a prerequisite to the accomplishment of the reduction of their debt structure would in my opinion be discriminatory, construct preferences among creditors of the same class, and subvent the whole theory and design of Chapter 9 of the Bankruptcy Act. This cannot be done.

In conclusion, after deliberate consideration of the entire record in these proceedings, we find that the plan of James Irrigation District and the plan of Reclamation District No. 1606 for the composition of their debts under Chapter 9 of the Bankruptcy Act, 52 Stat. 939, as alleged in the petitions filed December 10, 1937, and as disclosed at the hearings in this court, are lawful in every respect, fair, equitable, and for the best interest of all creditors, and do not discriminate in favor of any

creditor or class of creditors. The plans are accordingly confirmed, with the proviso as to the interest payments to all nonconsenting creditors affected, so that all creditors of the same class will be treated alike.

Attorneys for the petitioners will prepare and present appropriate Findings of Fact, Conclusions of Law, and interlocutory Decrees confirmatory of the plans embodied in the petitions, and in accordance with this memorandum.