HIDALGO & CAMERON COUNTIES WATER CONTROL & IMPROVEMENT DIST. NO. 9 v. AMERICAN RIO GRANDE LAND & IRRIGATION CO. et al.

AMERICAN RIO GRANDE LAND & IRRIGATION CO. et al. v. HIDALGO & CAMERON COUNTIES WATER CONTROL & IMPROVEMENT DIST. NO. 9.

No. 8703.

Circuit Court of Appeals, Fifth Circuit.

April 3, 1939.

Rehearing Denied April 25, 1939.

F. L. Andrews and R. H. Kelley, both of Houston, Tex., and Robt. E. Kirkpatrick, of Mercedes, Tex., for Hidalgo and Cameron Counties Water Control and Improvement Dist. No. 9.

Robert Allan Ritchie and James Ralph Wood, both of Dallas, Tex., and Joel H. Berry, of Houston, Tex., for American Rio Grande Land & Irrigation Co.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

American Rio Grande Land & Irrigation Company, herein called the Land Company, filed its petition for reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. Hidalgo & Cameron Counties Water Control & Improvement Company, which will be referred to as the Water Company, filed a claim against the Land Company of $2,750

as charges for water furnished in the years 1930 to 1936 inclusive, and $99,929.-65 for flat rate assessments against the lands per acre for maintenance of the irrigation system for the same years. A statutory lien against the lands was asserted. The debtor denied there was a lien, and asserted that the items over two years old were barred by limitation. The court held there was no lien against the lands, and no bar by limitation, and allowed the claim as unsecured. Both sides appeal from the judgment.

The Water Company contends that the charges and assessments are taxes, and as such have a lien and escape limitation by reason of statutes relating to taxes; but if not taxes, that a lien is given and limitation is excluded by a part of Section 77a added to the reclamation district laws of Texas by Chapter 280 of Acts of 1929, Vernon's Ann.Civ.St.Tex. art. 7880—77a. The Land Company denies that the charges and assessments are taxes, and asserts that the provision of the Act of 1929 about a lien and limitation is unconstitutional because not covered by the title of the Act. Less obvious contentions are that the provision in the Constitution of Texas for conservation and reclamation districts creates a lien, and that the Reclamation District Act of 1925 does so. It is also contended that the charges and assessments are taxes under Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104, and have priority as such.

Article 16, Sect. 59, of the Constitution of Texas, Vernon's Ann.St.Tex., in providing for the creation of reclamation districts declares: "The Legislature shall authorize all such indebtedness as may be necessary to provide all improvements and the maintenance thereof requisite to the achievement of the purposes of this amendment, and all such indebtedness may be evidenced by bonds of such conservation and reclamation districts, to be issued under such regulations as may be prescribed by law and shall also, authorize the levy and collection within such districts of all such taxes, equitably distributed, as may be necessary for the payment of the interest and the creation of a sinking fund for the payment of such bonds; and also for the maintenance of such districts and improvements, and such indebtedness shall be a lien upon the property assessed for the payment thereof; provided the Legislature shall not author-

ize the issuance of any bonds or provide for any indebtedness against any reclamation district unless such proposition shall first be submitted to the qualified property tax-paying voters of such district and the proposition adopted." The lien thus declared against the property assessed secures "such indebtedness." It is not indebtedness due to the district but indebtedness against it that has the lien. The assessment against the property in the district which is referred to is that for taxes to pay this indebtedness. The indebtedness against the district may be represented by bonds or otherwise, but can be authorized by the Legislature only pursuant to a vote in the district. The charges and assessments which the district lays on landowners and lands within it are indebtedness to the district and not against it, they are not required to be authorized by an election under the Constitution and are not the indebtedness which is the subject matter of the long sentence above quoted. They take no lien thereunder.

■ These charges and assessments are not taxes within the meaning of the Texas tax statutes. The lengthy statutes relating to reclamation districts are collected in Revised Statutes of Texas, Art. 7880—1 et seq. Chapter 25 of the Act of 1925 was the main Act. An extensive amendment was made by Chapter 280 of the Act of 1929, Vernon's Ann.Civ.St.Tex. art. 7880—1 et seq. An analysis of these shows that the income of the district may be derived from general taxation, from charges for water actually furnished to irrigate lands, and from assessments on each irrigable acre (whether irrigated or not) levied to maintain and operate the irrigation enterprise. We find that in general and almost uniformly when taxes are mentioned in these laws there is reference to the assessments according to value, or according to benefit, to pay the bonded or other indebtedness against the district incurred pursuant to the Constitution. These taxes unquestionably have a lien. They are not here involved. What is here involved are "operation charges" for the water furnished and service rendered which by Sect. 106 of the Act of 1925 the district may establish and collect, and "assessment against all irrigable lands within the district, pro rata per acre" authorized by Sect. 109 to supplement the "operation charges." These assessments are by Sect. 109 given a lien on the crops grown,

and are made the personal debts of the land-owners, collectible by suit. We find no clear provision in the Act of 1925 that they have a lien on the lands assessed.

The Act of 1929 very clearly gives a lien to, and also exempts from limitation, both the charges under Sect. 106 and the flat-rate assessments under Sect. 109 in these words taken from Section 77a (b): "All taxes, or charges, or assessments, imposed by a district, as provided by Sections 106, 107, 108 and 109 of said Chapter 25, for the maintenance and operation of works, facilities and services of such district, shall be and constitute a lien against the lands as to which such taxes, or charges, or assessments, have been established; and, no law applying to a limitation against actions for debt shall apply thereto; same shall not be barred by limitation."

■ The Land Company says the provision is void under Art. 3, § 35 of the Texas Constitution which declares: "No bill * * * shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed." The Supreme Court of Texas has often pointed out that it is the subject of the bill and not its object or objects, or the means of attaining the latter, that must be expressed in the title, and that everything which is fairly germane to the subject named is included. International & G. N. R. Co. v. Smith County, 54 Tex. 1; Stone v. Brown, 54 Tex. 330; Dodge v. Youngblood, Tex.Civ. App., 202 S.W. 116; Consolidated Underwriters v. Kirby Lumber Co., Tex.Com. App., 267 S.W. 703. The purpose of the constitutional provision is to prevent combining several unrelated subjects into one bill to get support for it which the several subjects might not separately command; and to prevent surreptitious introduction of legislation not indicated by the title. The Act of 1929 is a quite extensive overhauling of the statutes touching reclamation districts. Its title alone covers five printed pages. It begins: "An Act to clarify and make adequate the law regulating Water Control and Improvement Districts, and to cause the same to comport with Section 59 of Art. XVI of the Constitution of Texas." The subject of legislation thus expressed is broad enough

to cover all that the Act embraces, and the provision in controversy is certainly germane to it, for it clarifies and makes more adequate the law touching charges and assessments, which previously had no lien save on the crops, if any. The title then proceeds: "An Act to amend Chapter 25 of the [Act of 1925]", and several other statutes, and states that the amendments are more particularly indicated as follows, among them "(9) amending said Chapter 25 by adding thereto Section 77a, providing that taxes to conduct preliminary surveys shall be on the ad valorem plan; Also providing the time and manner in which a district shall, or may, adopt a plan of taxation; Also, setting out the respective plans, or composite of plans, which may be adopted by a district, in order to enable districts to at all times equitably distribute the taxes of the district." It is not stated that 77a will attempt to fix a lien or abolish limitation as respects charges and assessments due the district, so that if the Act had no title save that last quoted the provision of subsection (b) would not be fairly expressed therein. We have found no authority which we regard as deciding that the broad subject first expressed is to be nullified by a defect in a separate supplementary statement of details. The Act has stood unchallenged in court or Legislature for ten years. Indulgence was doubtless extended to this Land Company, and to many others similarly situated, on the faith of it. A court should hesitate to declare that an enactment thus acquiesced in by many subsequent legislatures is void as contrary to such a provision of the State Constitution unless the invalidity is plain. We are not convinced that the sub-section in dispute is null. Montclair Township v. Ramsdell, 107 U.S. 147, 2 S.Ct. 391, 27 L.Ed. 431; 59 C.J., Statutes § 372 and cases cited.

We therefore hold the entire claim of the Water Company to be unbarred, and to have a lien on the lands against which the respective items were established. It is a secured claim, and it is unnecessary to consider whether or not it has priority under Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104.

The judgment is accordingly reversed upon the main appeal and affirmed upon the cross-appeal, with costs accordingly.

On Motion for Rehearing.

PER CURIAM.

The opinion filed expresses our fixed conclusion on the matters dealt with. As to the ground of the motion which asserts that the parts of the statute authorizing the flat-rate assessments and water charges deny due process because there is no provision for a hearing, we think that the hearing is afforded when the rates or charges are sought to be enforced by suit, and in the present case when the claim for them is offered to be proved. Whether there are particular items here asserted which are illegal does not appear to have been considered and decided in the District Court, and is not presented in this record in such definite shape as to enable us to make a decision. Our judgment and mandate are not to be taken as excluding a further examination in the District Court of any items of the claim which may be illegal. We express no opinion on them.

Motion denied.