84

No. 5166.

District Court, D. Idaho, S. D.

June 24, 1939.

Charles F. Reddoch, of Boise, Idaho, for petitioner.

Maurice H. Greene, of Boise, Idaho, for Bondholders Committee.

W. A. Johnston and Martin & Martin, all of Boise, Idaho, for objecting creditors.

CAVANAH, District Judge.

Drainage District No. 2 of Ada County, a taxing agency, was organized under the laws of Idaho and comprises about 28048 acres in Ada and Canyon Counties. Its purpose is to drain and improve lands devoted to agricultural purposes. It presents its petition filed March 31, 1939, for the confirmation of a plan of composition. The petition alleges that it is unable to meet its debts as they have or will mature, which consist of outstanding bonds aggregating $444,000 in principal, of which $290,600 will be due on August 1, 1939, with unpaid interest; that no principal or interest falling due has been paid; that on account of adverse agricultural conditions and a general depression prevailing during the greater part of the last nine years, the market value of farm products produced within the District was generally less than the cost of production, thereby causing farming operations to be unprofitable, and the installments of taxes and tax obligations levied upon real property within the District and falling due were greater than the ability of the land to produce or the owners thereof to pay, and the inability of the District to collect sufficient taxes to meet its obligations; that it became imperative that it effect a composition of its debts pursuant to the National Bankruptcy Law; that there has been a continued delinquency for a number of years of the taxes levied; that its plan for a composition of its bonded indebtedness provides for the acceptance of a loan from the Reconstruction Finance Corporation, an agency of the United States, in the sum of $330,000 by the issuance and delivery to the corporation of its refunding bonds bearing interest at 4 per cent. per annum, payable within 20 years, and for the payment of the present bonds in cash of a sum equal to 75 cents for each dollar of the principal of its outstanding bonds, which includes interest on matured bonds to August 1, 1937, and are to be issued under the laws of the State; that 81.4 per cent of the aggregate amount of the out-

standing and unpaid bonds and 87.3 per cent of the total number of bondholders have voluntarily accepted and consented to the consummation of the plan by the Court, which is more than $\frac{2}{3}$ of the District's indebtedness.

Under Chapter 26, Title 41 I C A, a drainage district in Idaho is authorized to issue refunding bonds and a complete procedure is provided for. The Supreme Court of the State in the case of Sebern et al. v. Cobb, 41 Idaho 386, 238 P. 1023, has upheld the validity of such procedure. The consent of the State is given to the District to file a petition for composition of its debt by chapter 110, Laws 1939. The petition is presented under the National Bankruptcy Act, Sections 401 and 403, 11 U.S.C.A., which requires proof that the District is insolvent or as an alternative is unable to meet its debts as they mature. The petitioner has formed a plan and presented a list of its creditors.

It is not alleged in the petition that the District is insolvent, but it is alleged that it is unable to meet its debts as they mature, and of its inability to meet them, by levying assessments, as they mature, upon the lands within the District to pay the bonded indebtedness, to raise sufficient funds to keep the debt on a current basis.

While the thought was pressed by the objectors at the argument that the District would not be entitled to the relief asked where it is not shown to be insolvent or could not meet its indebtedness in the future by making annual assessments on the lands, and which, at the time it was thought would present serious obstacles in approving the plan, but after further consideration of the National Bankruptcy Act, the plan proposed and the evidence, it seems that the purpose of the Bankruptcy Act is to afford relief to a district situated and found itself in, as the petitioner is, who asserts and establishes its inability to meet its matured indebtedness, as it matures, and that such relief may be granted as provided for in the Act, of being unable to meet its matured debts as they mature and not that it is insolvent. When we come to consider the Bankruptcy Act it grants relief when the District is "unable to meet its debts as they mature" and this is evident from the evidence that the District has been unable to meet the payment of the matured principal and interest of the bonds as they matured and in a great many instances taxes levied, for the

reason of the low prices of agricultural products, which prevent the land owners within the District from meeting their assessments, and that it has an economic plight which needs relief for the benefit of those of the district. This reason was given by the Supreme Court in the case of United States v. Bekins, 304 U.S. 27, 58 S.Ct. 811, 82 L.Ed. 1137, when in upholding the constitutionality of the National Act in sustaining a plan providing for the payment in cash of a sum equal to 59.578 cents for each dollar of the principal in amount of outstanding bonds. While the district in that case was insolvent, yet the Court in giving its reasons why relief should be granted under the Act broadly recognized an economic disaster making it impossible to meet its obligations as they mature and that the bankruptcy power is competent to give relief to debtors in such a plight. The mere fact that the District has the power under the State law to continue levying assessments to provide a fund to pay the bonds does not answer the past and present situation of the District as to economic plight it is in, for the Supreme Court seemed to have upheld the Act upon the inability of the owners of property within the District to meet their assessments as they mature, caused by an economic condition which made it impossible for the owners of property within the district to pay their assessments on account of low prices of agricultural products. We are now dealing with a past and present situation of the District and its right under the Bankruptcy Act to have approved a plan of composition which will grant immediate relief to take care of its matured obligations and on account of the situation stated and the economic plight it is now in, the requiring of the District to continue efforts in levying assessments which would increase its indebtedness would seem inadvisable and prevent it from exercising its rights under the Bankruptcy Act.

It will be observed that all bondholders are treated alike in the plan and the voluntary acceptance and consent of its consummation by 81.4 per cent of the bonds is persuasive evidence as to the fairness and equity of the scheme of debt reduction.

The plan being equitable, fair and lawful and for the best interest of all creditors, it is accordingly confirmed with the provision that the necessary procedure be taken in carrying it out as is required by

the national Bankruptcy Act and the laws of the State.

Findings of fact, conclusions of law and interlocutory decree confirmatory of the plan embodied in the petition and in accordance with this opinion are to be prepared by counsel for the petitioner.