**In re SUMMER LAKE IRR. DIST.**
No. 23016.

District Court, D. Oregon.
May 20, 1940.

Forrest E. Cooper, of Lakeview, Or., Paul A. Sayre, of Portland, Or., for debtor and petitioner.

Platt, Henderson, Warner & Cram, of Portland, Or., for J. R. Mason, objecting creditor.

JAMES ALGER FEE, District Judge.

The Summer Lake Irrigation District on January 20, 1938, filed a petition for relief under 11 U.S.C.A. §§ 401–403. The details of the plan, which has been consented to by approximately ninety-eight percent of the creditors of petitioner, are not presently material. After preliminary approval of the petition by the court, one J. R. Mason, holder of bonds of the District, filed a motion to dismiss for the reason that "* * * the State of Oregon has not consented to the exercise of bankruptcy jurisdiction by the Congress of the United States as to the petitioner herein, and for the further reason that the petitioner is not authorized by law to take all or any action necessary to be taken by it to carry out any plan of composition proposed by it, or any plan approved by the court herein."

The matter was elaborately briefed. The court, after full consideration, was prepared to decide the cause. However, since the court was of the opinion, notwithstanding the statement of the motion above set out, that the keystone of decision would be the constitutionality of the federal bankruptcy law, the issuance of opinion was delayed until the certificate required by 28 U.S.C.A. § 401 could be transmitted to the Attorney General of the United States. The court has now been advised that the government will not intervene.

In other cases, two Special Masters of this court, Honorable Estes Snedecor and Honorable Edward J. Clark, passed directly upon and sustained the constitutionality of the federal statute and upon the validity of the consent of the State of Oregon.

The Supreme Court of the United States has declared valid the act in question,[1] and the opinion conclusively answers many of the arguments made in the briefs of the objector. Here the attempt is made to attack the consent of the State of Oregon.

The Congress has permitted an agency of a state unable to meet its debts as they mature, to compose indebtedness, payable "out of assessments or taxes, or both, levied against and constituting liens upon property" in the agency, by filing a petition in a bankruptcy court. The Supreme Court of the United States has held an irrigation district to be an agency which could take advantage of the terms of the Act.[2] Acquiescence by the state is not required as a condition precedent[3] to bankruptcy jurisdiction by the act or by any decision. If the obligation of a contract is impaired, this result is accomplished under the bankruptcy power. If private property were taken for public use without compensation,[4] the bankruptcy law, not the law of the State of Oregon,

---

[1] United States v. Bekins, 304 U.S. 27, 58 S.Ct. 811, 82 L.Ed. 1137. The current of opinion sustaining petitions of such bodies in the lower courts since the Bekins case has been overwhelming. See Supreme Forest Woodmen Circle v. City of Belton, Tex., 5 Cir., 100 F.2d 655; Getz v. Edinburg Consol. Independent School Dist., 5 Cir., 101 F.2d 734; Chicot County Drainage Dist. v. Baxter State Bank, 8 Cir., 103 F.2d 847; Vallette v. City of Vero Beach, Fla., 5 Cir., 104 F.2d 59; Touchton v. City of Fort Pierce, Fla., 5 Cir., 109 F.2d 370; In re Merced Irr. Dist., D.C., 25 F.Supp. 981, 987; In re Lindsay-Strathmore Irr. Dist., D.C., 25 F.Supp. 988; In re Drainage Dist. No. 7, D.C., 25 F.Supp. 372, 374; In re James Irr. Dist., D.C., 25 F. Supp. 974; In re Corcoran Irr. Dist.,

D.C., 27 F.Supp. 322; In re Drainage Dist. No. 2 of Ada County, Idaho, D.C., 28 F.Supp. 84.

[2] Even if a state classifies certain corporations as types not subject to bankruptcy, if other requisites are present, such corporation may be adjudged bankrupt. The classification is not binding upon the federal courts nor does it operate to oust federal jurisdiction. In re Prudence Co., Inc., D.C., 10 F.Supp. 33, affirmed, 2 Cir., 79 F.2d 77, 78, 79, certiorari denied 296 U.S. 646, 56 S.Ct. 247, 248, 80 L.Ed. 459.

[3] The provision requiring such a petition to be approved by a state agency was included in the former statute, 11 U.S.C.A. §§ 301–303, but omitted in this.

[4] Getz v. Edinburg Consol. Independent School Dist., supra.

furnishes the means. This reasoning is applicable also to the claim that trust obligations will be violated.[5] It is certain that the authority of the bankruptcy court is founded upon the federal constitution and law. It is paramount and extends to every person and entity in the several states, except the sovereign bodies. No legislation or judicial authority has been sought from or delegated by the State of Oregon in the administration of this federal law. None was needed.[6] Care was exercised in the federal enactment not to impinge upon the sovereignty of state.

Jurisdiction of this court to receive and determine the petition was founded on the federal bankruptcy law alone. The filing of the petition was a voluntary act upon the part of this irrigation district. No creditor has the right to object to the filing of a voluntary petition in bankruptcy or the right to demand the dismissal thereof after filing, if jurisdiction is present.[7] If it be shown that the court has no jurisdiction, the proceeding is void and it will be dismissed. But the petitioner has brought itself within the terms of the federal act at the inception.

In any event, then, the consent of the state need only be effectual at the time the court under the federal statute is required to determine whether the entity is empowered "by law to take all action necessary to be taken by it to carry out the plan".[8]

The question of the technical validity of state consent is a question of state law for the determination of state courts. The legislature of Oregon has passed two statutes[9] to permit irrigation and drainage districts in the state to act under the terms of the federal bankruptcy acts. Thereby the state legislature classified such districts as entities capable of taking such action. The mere fact that the state courts had previously classified irrigation districts as municipal corporations or public bodies could not prevent such segregation by the state legislature. Nothing in the state constitution prevents such statutory action.

The Supreme Court of California has effectually answered all questions of consent raised under the statutes of that state.[10] The Oregon court would probably take the same attitude. Under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, this court if the question were before it would be bound. Inasmuch as the California court had formerly held that irrigation districts were "agencies of the state whose functions are considered exclusively governmental; their property is state owned, held only for governmental purposes; they own no land in the proprietary sense * * *". Most of the argument of objector here is answered, since the Oregon legislation as to such districts was copied from California. However, the court does not rule directly here upon the validity of the enactments of consent.

The state has by executive and administrative action furthered the rehabilitation plans of several of these districts. I. H. Van Winkle, Attorney General of Oregon, appeared and filed a brief amicus curiae in behalf of appellant in the case of Lindsay-Strathmore Irr. Dist. v. Bekins et al., Trustees, et al., No. 772.[11] Consent of the state of Oregon may be found in these acts even if the particular statutes above cited were invalid. In any event, the state has waived, as to these districts, its right "to oppose federal interference"[11] as to the filing of petitions under the Bankruptcy Act and submission

---

[5] These are not strictly trust obligations. The real meaning of trust in this connection is property touched with a public interest. Twin Falls Land & Water Co. v. Twin Falls Canal Co., D.C., 7 F.Supp. 238, 247.

[6] Proceedings have been sustained in a state which had no consent statute. In re City of Fort Lauderdale, Fla., D.C., 23 F.Supp. 229; Vallette v. City of Vero Beach, Fla., supra.

[7] In re Fox West Coast Theatres, D.C., 25 F.Supp. 250, 261, note 29.

[8] 11 U.S.C.A. § 403(e) (6).

[9] Chapter 109, p. 252, General Laws of Oregon, 1939; Oregon Code, 1935 Supplement § 48-743.

[10] Peoples State Bank v. Imperial Irrigation District et al., Cal.Sup., 101 P. 2d 466, 469, decided April 16, 1940.

[11] United States v. Bekins, supra.

of the matter to the federal court. It may be, however, that specific matters incorporated in a plan may be in violation of the law of the state.. If that be true, the court under the federal statute and in the exercise of jurisdiction can dispose of any such controversy.

The motion to dismiss is denied.