## In re GRANTS PASS IRR. DIST.

### No. B-22657.

District Court, D. Oregon.

May 20, 1940.

Niel R. Allen, of Grants Pass, Or., for Grants Pass Irr. Dist.

H. V. Johnson, of Eugene, Or., for creditors.

James G. Wilson, of Portland, Or., for James F. Brennan, judgment creditor.

JAMES ALGER FEE, District Judge.

A petition was filed by the Grants Pass Irrigation District for confirmation of its plan for composition of its debts under present Chapter IX of the Bankruptcy Act, 11 U.S.C.A. § 401 et seq. The matter was referred to Honorable Estes Snedecor as Special Master to make findings and recommendations for the purpose of determining whether the petition complied with the provisions of the statute and whether it was filed in good faith and should be approved. The Special Master recommended favorably, and upon argument of exceptions to the report in open court the petition was approved by the court.

Subsequently, a motion to dismiss was filed on the ground (1) that the State of Oregon is prohibited by the Federal Constitution from enacting any law that would impair the obligation of contracts and thus from passing any law enabling petitioner to take advantage of the federal bankruptcy statutes, (2) that Chapter IX of the Bankruptcy Act involves the sovereignty of the State of Oregon, (3) that the State of Oregon has enacted no law to enable petitioner to avail itself of the remedy allowed by the Bankruptcy Act, and (4) that Chapter IX violates the Fifth Amendment to the Federal Constitution.

The insufficiency of the petition to comply with the federal bankruptcy statute is also stated as a ground of dismissal.

Other motions to dismiss of similar tenor were filed.

The court directed notification to be given to the Attorney General and that the United States be given an opportunity to intervene, of which advantage was taken by filing a petition in intervention. Able briefs were filed by petitioner which were considered in connection with all others in the pending cases of this type.

508

The court has, however, held the matter in abeyance until the opinion could be announced in Petition of Summer Lake Irrigation District, D.C., 33 · F.Supp. 504, this day decided. The ruling in that cause is decisive upon all points relating to the constitutionality of the enactment and the consent of the State of Oregon.

The matters relating to the ownership of bonds has already been ruled upon and the compliance of the petitioner with the statutes has been adjudicated. However, if non-compliance with state law in any particular can be shown, the question can be settled at the hearing upon the plan.

The motion to dismiss is overruled.

Inasmuch as answers have also been filed herein, any matters raised therein which are not covered by the above-cited opinion may be determined when the same are properly set for hearing.

The court allows to Honorable Estes Snedecor the sum of $225 for service in hearing and making recommendations upon the preliminary hearing in this cause.