In re MISSION INDEPENDENT SCHOOL DIST.

No. 749.

District Court, S. D. Texas, Brownsville Division.

Aug. 22, 1940.

Hill, Greer & Franki, of Mission, Tex., for petitioner.

Gerald C. Mann, Atty. Gen., and Claud O. Boothman and Clarence E. Crowe, Asst. Attys. Gen., for State of Texas.

KENNERLY, District Judge.

This is a proceeding under the Acts of Congress of August 16, 1937, 50 Stat. 655, of June 22, 1938, 52 Stat. 940, and of June 28, 1940, Sections 401 to 404, inclusive, Title 11, U.S.C.A., amendatory and supplementary of the National Bankruptcy Act, by the Mission Independent School District, a local taxing agency within the meaning of such Acts, located in this District and Division, seeking a composition of its indebtedness, evidenced by its bonds amounting to $315,500, of which more than $100,000 are owned and held by the Permanent School Fund of the State of Texas. At the hearing provided for under Section 403, sub. d, 11 U.S.C.A., all the owners and holders of the bonds agreed to the composition except the State of Texas. The State, through her Attorney General, filed and appeared at such hearing and presented a motion to dismiss. Subject to such motion, the evidence on the merits was heard.

The facts show petitioner to be insolvent, its plan of composition to have been made in good faith, and to be fair, equitable, and for the best interest of all creditors; also that such plan does not discriminate unfairly in favor of any creditor or class of creditors; also that the plan has been approved and accepted in good faith by more than two-thirds of the aggregate amount of claims affected thereby. Indeed, in the argument of the State's motion at the bar and in the State's briefs it is stated by counsel for the State that the plan is fair and equitable and that there is presented no objection whatever thereto except as set forth in the motion.

Such motion challenges the jurisdiction of the Court. It is contended that the State has not, through action of her Legislature, given her consent for a local taxing agency, such as is petitioner, to make a composition under such Bankruptcy Act with its creditors, respecting its outstanding bonds, where some or all of such bonds are owned and held by the Permanent School Fund of the State. It is also contended that the Legislature may not under the Texas Constitution give the consent of the State where bonds of such a District are so owned and held.

■ 1. I am convinced that petitioner must have the consent and approval of its creator, the State of Texas, before it is authorized by Law to file its petition herein, and before this Court may have jurisdiction of petitioner and the matter of petitioner's plan of composition. United States v. Bekins, 304 U.S. 27, 58 S.Ct. 811, 82 L.Ed. 1137; Ashton v. Cameron County District, 298 U.S. 513, 56 S.Ct. 892, 80 L.Ed. 1309.

2. While by the Texas Legislative Act of 1935 (Article 1024a, Vernon's Annotated Texas Statutes), the State of Texas gave her consent to all agencies such as is petitioner proceeding under such Bankruptcy Act (Getz v. Edinburg C. I. School Dist., 5 Cir., 101 F.2d 734), such consent is withdrawn and withheld by the State under the later Amended Legislative Act of June 7, 1939 (Article 1024b, Vernon's Annotated Texas Statutes), where, as here, some of the outstanding bonds of petitioner are owned and held by the State Permanent Free School Fund.

For convenience, the entire Act of 1939 (Article 1024b) is quoted:

"H. B. No. 492.]

"An Act authorizing municipalities, political subdivisions, and taxing districts to effect a plan for the composition of their indebtedness under the provisions of the Federal Bankruptcy Laws heretofore enacted by the Congress of the United States; and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. That all municipalities, political subdivisions, and taxing districts in this State as defined in Section 81, Chapter 657, Acts of the Seventy-fifth Congress of the United States, 50 Statutes at Large, Page 654, 11 U.S.C.A. Sec. 401, which have power to incur indebtedness, either through action of their own governing bodies or through action of the governing bodies of counties or cities in which such political subdivisions or taxing districts are included, are hereby authorized to proceed under all laws that have been heretofore enacted by the Congress of the United States under the Federal Bankruptcy powers to effect a plan for the composition of their indebtedness, and the officials and governing bodies of such municipalities, political subdivisions, and taxing districts are authorized to adopt all proceedings and to do any and all acts necessary to fully avail such municipalities, political subdivisions, and taxing districts of the provisions of such Acts of Congress, *but this Act shall not apply to any bond or bonds while held by the permanent school fund of Texas.*

"Sec. 2. The public importance of this measure and the necessity for its enactment to relieve the acute financial embarrassment and to preserve the faith and credit of many municipalities, political subdivisions, and taxing districts of this State create an emergency and an imperative public necessity requiring the suspension of the Constitutional Rule requiring bills to be read on three separate days in each House, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted.

"Approved June 7, 1939.

"Effective 90 days after adjournment."

This Act is substantially similar to the Act of 1935 (Article 1024a), except the italicized portion. It does not expressly repeal the Act of 1935 (Article 1024a) and it is not necessary to determine whether it does so by implication. Whether it does, or whether the two Acts are to be construed together, it was without doubt the intention of the Legislature to so change the Law as to no longer give but to withdraw, the State's consent to a taxing agency proceeding under such Bankruptcy Act whose bonds are held, wholly or in part, by such free school fund. Manifestly the intention is to recognize as existing two classes of taxing agencies.

(a) One class where the State Free School Fund *does not* own and hold any of the bonds of the agency, in which case such agency may proceed under such Bankruptcy Act.

(b) The other where such School Fund *does* own and hold a bond or bonds of the agency, in which case it may not proceed under such Bankruptcy Act.

Even though it is true that the State, as to the bonds owned by the Public Free School Fund, stands in such proceedings as does any other creditor (Memorandum Opinion in No. 671, Getz v. Edinburg Consol. Independent School District in this District, Hutcheson, Judge;[1] In re Reimer, 2 Cir., 82 F.2d 162; United States v. Wood, 2 Cir., 290 F. 109; New York v. Irving Trust Co., 288 U.S. 329, 53 S.Ct. 389, 77 L.Ed. 815; United States v. California, 297 U.S. 175, 56 S.Ct. 421, 80 L.Ed. 567), I know of no reason why the State may not, because such School Fund owns such bonds, or for any other reason, or for no reason at all, withhold her consent for such agency to institute and prosecute such bankruptcy proceedings.

But it may be said that the intention of the Legislature was not to prohibit such taxing agencies from instituting and prosecuting proceedings under the Bankruptcy Act, but only to exempt the Bonds of such taxing agency held by such Free School Fund from the effect of such compositions, i. e., that while owners and holders of all other bonds of an agency are reduced in amount, or the rate of interest reduced, or the time of payment extended, etc., the bonds held by such Free School Fund should remain unaffected by the proceedings. Such a construction of such Act of 1939 (Article 1024b) would bring it directly in conflict with the Bankruptcy Act and render it ineffective. It is elementary that the Courts will generally construe a legislative act in such manner as to uphold it and make it effective, and not in such manner as to render it of no effect. It is certain, I think, that the Legislature in passing Article 1024b had Article 1024a in mind and that the construction here given the two Articles is the only reasonable construction that can be given them.

3. The State also contends that Article 1024a is void because in conflict with Section 55, Article 3 of the Texas Constitution, Vernon's Ann.St., which declares that the Legislature shall have no power to release, extinguish, etc., the obligation of any person to the State of Texas. I think the contention is without merit. In the Edinburg School District case in this Court (Memorandum opinion by Judge Hutcheson) the same question was raised by the pleadings and strongly presented. As I understand it, the conclusion reached by this Court and apparently by the Appellate Court (Getz v. Edinburg C. I. School Dist., supra) was contrary to the State's contention.

4. Standing upon Gulf Production Co. v. Garrett, 119 Tex. 72, 24 S.W.2d 389; Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799; Ward Cattle & Pasture Co. v. Carpenter, 109 Tex. 103, 105, 200 S.W. 521, and other similar cases, the petitioner contends that the Legislative Act of 1939 (Article 1024b) is constitutionally invalid because not enacted in compliance with Section 35 of Article 3 of the Texas Constitution, which declares that no legislative

---

[1] No opinion for publication. For Circuit Court of Appeals opinion, see 101 F.2d 734.

bill shall contain more than one subject which shall be expressed in its title, etc. The facts and the discussion in the opinions in the three named cases show the importance of the provision of the State Constitution mentioned. But they are extreme cases and the rule long recognized in Texas is upheld, i. e., that it is the subject of the bill and not its object or objects that must be expressed in the title, and that if the general and ultimate subject of a particular Act is as a whole expressed in the title, this will support provisions in the body of the Act which are relevant, reasonably germane, complementary, or auxiliary to it. Nowhere do I find the rule respecting this provision of the Texas Constitution better stated than by the Commission of Appeals (holding approved by Supreme Court) in Consolidated Underwriters v. Kirby Lumber Co., 267 S.W. 703, 705, where the Texas authorities will be found cited. See also Hidalgo and Cameron Counties W. C. and I. Dist. v. American Rio Grande L. & I. Co., 5 Cir., 103 F.2d 509, 511, and cases there cited.

I think the title of the Legislative Act of 1939 (Article 1024b) is sufficient under Section 35, Article 3, of the Texas Constitution.

Concluding that the State of Texas has not given, but has specifically withheld, her consent for petitioner to bring and prosecute these proceedings, same will be dismissed.

Let an order be drawn and presented accordingly.