UNITED STATES v. GREER DRAINAGE DIST. OF MARSHALL AND LAFAYETTE COUNTIES, MISSISSIPPI, et al.

No. 9868.

Circuit Court of Appeals, Fifth Circuit.

July 7, 1941.

John P. Hearne, Asst. Atty., Department of Justice, of Washington, D. C., George T. Mitchell, U. S. Atty., of Tupelo, Miss., and Lester M. Sack, Sp. Asst. to the U. S. Atty., of Clarksdale, Miss., for appellant.

R. L. Smallwood, Jr., of Oxford, Miss., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The appeal is from a decree distributing the just compensation paid into court on proceedings brought by the United States to condemn certain lands for flood control and navigation purposes. The facts as found by the district court are not disputed. The lands lie in Greer Drainage District, in Mississippi, which owed over $92,000 in bonds secured by drainage assessment liens on the lands. The entire assets of the District would pay not more than sixty percent of the bonds. Some of the lands were owned by the District and some by the State under tax sales. The latter were

676

thought to be redeemable by the District. The lands were all appraised at prices satisfactory to the District and its bondholders, and a binding agreement was made by the District to sell the several tracts at their appraised values. Complications were discovered in the titles, and condemnation proceedings were brought to which the District, the bondholders, and other persons were parties. As to seven tracts persons appeared who claimed severally as owners entitled to redeem from the State and District who contested the appraisement and got the valuation of each of the seven tracts increased above the appraisal, but in each case it was still much less than the tax and drainage assessments against each. In round figures the appraisements on these amounted to $10,000. The established valuations came to $15,000, but the liens to over $22,000. The $15,000 was paid into court. It was ordered that the taxes be first paid; that each of the contesting owners be awarded half of the raise in valuation that he had secured "by way of remuneration for their inconvenience and expense before the court at the hearings"; and the remainder paid to the District to be distributed to the bondholders up to the amount at which each tract had been originally contracted to be sold; and the remainder (one-half the increase in valuation) to be paid by the District to the United States. The District and bondholders had appeared by attorney and claimed the entire drainage assessments, but later filed a stipulation that the excess as to any tract over the appraisal value "shall be remitted to the United States." The appeal by the United States asserts that the landowners were entitled to no part of the fund, and that the excess over the appraisals should have been ordered paid direct to the United States instead of through the Drainage District.

We agree with appellant. The landowners had a title, but subject to valid liens exceeding the appraisal values. They did not redeem their lands, but sought to show them to be of values greater than the incumbrances. Though they obtained an increase in valuation, it was not enough to give them any margin. No one established a beneficial interest. Increasing the valuations did nobody any good. It is not a case where the effort of some raises a fund for all, wherein the active litigants are entitled to recoup their expenses. No one wished this litigation except these landown-

ers. It established no surplus for them and was only an annoyance to all others. There is no equitable ground on which they can be paid anything.

It is true that the United States gets the excess over the appraisals by virtue of the contract with the lienholders, and the decree is logical in passing it through the hands of the District. Nevertheless, all parties being before the court and the District having filed a stipulation that the excess be remitted to the United States, it can be paid directly, and we so order. The argument that the District is thereby giving its money to the United States contrary to its powers and duties is not supportable. The money remitted to the United States is not that of the District, but of the bondholders, the District being as to it a sort of trustee for them. They preferred to contract with the United States rather than take the chances of litigation. As between the contracting parties, this surplus money is really the money of the United States.

The judgment is reversed and the cause remanded with direction to reframe it so as to exclude the landowners from participation and to pay the surplus directly to the United States.