**COLLIN COUNTY LEVEE IMP. DIST. NO. 1, et al.**

v.

**UNITED STATES et al.**

No. 14591.

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1953.

Rehearing Denied Jan. 12, 1954.

Roland Boyd, McKinney, Tex., for appellant.

Irving L. Goldberg, Dallas, Tex., Warren G. Moore, U. S. Atty., Tyler, Tex., Royce Whitten, Asst. U. S. Atty., Denton, Tex., William M. Steger, U. S. Atty., Tyler, Richard A. Gump, Goldberg, Fonville, Gump & Strauss, Dallas, Tex., Perry W.

Morton, Asst. Atty. Gen. Roger P. Marquis, Department of Justice, Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from an order entered in a condemnation suit granting the motion of the Reconstruction Finance Corporation for payment, out of funds deposited in the registry of the court, of the balance due on bonds issued by the Collin County, Texas, Levee Improvement District No. 1.

Brought up on an agreed statement of facts, the appeal presents the single question whether the Reconstruction Finance Corporation had a lien on the lands taken in condemnation to secure the payment of their bonds on the day when the declaration of taking was filed.

Both appellant and appellee agree that if the Reconstruction Finance Corporation had a valid lien on lands within the district at the time of the declaration of taking, such lien must be discharged out of awards made to the land owners.[1]

The parties are also in agreement that the levee district in question was organized and functioned under Section 59(a), Art. 16 of the Texas Constitution and Chapter VI, Levee Improvement Districts, Art. 7972 to and including Art. 8042, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St.

Reduced to its simplest terms, appellants' claim is that the voting and issuance of bonds did not create a present lien upon the lands and the district but only a potential lien which did not become fixed on the land in the district until in each year a special lien as to the taxes due for that year was fixed by levy and assessment. In support of this view their brief discusses and relies on the Constitution of Texas, Art. VIII, § 15, Vernon's Ann.St., and the Texas Stat-

---

1. State of Texas v. Moody's Estate, 5 Cir., 156 F.2d 698; U. S. v. 111,000 Acres of Land, 5 Cir., 155 F.2d 683; C/o U. S. v. Greer Drainage Dist., 5 Cir., 121 F.2d 675.

utes, Art. 7172 et seq. dealing with the levy, assessment and collection of taxes generally.

Appellee insists that general taxes and the constitutional and statutory provisions pertaining thereto are completely irrelevant here. Its claim is that Section 59(c),[2] providing for the creation of indebtedness necessary to achieve the purpose of the amendment and "all such indebtedness may be evidenced by bonds" of the district and "such indebtedness shall be a lien upon the property assessed for the payment thereof", and Art. 8012, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St., providing for the levy of taxes for the payment of bonds issued by any levee improvement district, and that "such levy may be made for or at the time of the issuance of said bonds for each year throughout the life of the bond issue which shall be the rate of levy for each of said years until modified", establish beyond question that the bonds were a lien on the land as claimed and found.

We are in no doubt that this is so. A reading of the provisions of the Constitution and statutes which appellee invokes and the decisions [3] construing and applying these provisions makes this plain.

The judgment was right. It is affirmed.

2. "(c) The Legislature shall authorize all such indebtedness as may be necessary to provide all improvements and the maintenance thereof requisite to the achievement of the purposes of this amendment, and all such indebtedness may be evidenced by bonds of such conservation and reclamation districts, to be issued under such regulations as amy (may) be prescribed by law and shall also, authorize the levy and collection within such districts of all such taxes, equitably distributed, as may be necessary for the payment of the interest and the creation of a sinking fund for the payment of such bonds; and also for the maintenance of such districts and improvements, *and such indebtedness shall be a lien upon the property assessed for the payment thereof;* provided the Legislature shall not authorize the issuance of any bonds or provide for any indebtedness against any reclamation district unless such proposition shall first be submitted to the qualified property tax-paying voters of such district and the proposition adopted. (Sec. 59, Art. 16, adopted election Aug. 21, 1917; proclamation Oct. 2, 1917.)" (Emphasis supplied.)

3. Brown County Water Improvement Dist. v. Austin Mill & Grain Co., 135 Tex. 140, 138 S.W.2d 523; Dallas Joint Stock Land Bank v. Ellis County Levee Impr. District No. 3, Tex.Civ.App., 5 S.W.2d 227; Hidalgo and Cameron Counties Water Control and Impr. Dist., No. 9 v. American Rio Grande Land & Irrigation Co., 5 Cir., 103 F.2d 509; writ of certiorari denied, 308 U.S. 573, 60 S.Ct. 88, 84 L.Ed. 481; Borron v. El Paso National Bank, 5 Cir., 133 F.2d 698.