H. S. LEBMAN, Appellant,

v.

MAVERICK COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NUMBER I, Appellee.

No. 14172.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 8, 1963.

Rehearing Denied Feb. 12, 1964.

Marvin Lebman, San Antonio, for appellant.

Clemens, Knight, Weiss & Spencer, San Antonio, Jeremiah Ingels Rhodes, Eagle Pass, for appellee.

POPE, Justice.

Plaintiff, H. S. Lebman, filed suit for a declaratory judgment against Maverick County Water Control and Improvement District No. 1, and sought to have assessments against his Maverick County land declared unconstitutional. The trial court denied the relief and we affirm the judgment.

Pursuant to the provisions of Article 7880–109, Water District fixed an annual charge of $5.25 per acre for lands classed as irrigable in the District. Lebman has 527 acres of land classed as irrigable. Pursuant to Article 7880–147z, Section 9, the District fixed an annual charge of $2.00 per acre on all lands in the District which are irrigable by gravity, whether such land is actually irrigated or not. The first assessment is for the maintenance and operation of its system of canals and laterals; the other is for the payment of interest and the retirement of the principal of bonds issued by the District.

The first attack on the assessments is that the law provides no method for hearing on the part of the owner of lands assessed. This point was considered in Hidalgo and Cameron Counties, etc. v. American Rio Grande Land & Irrigation Co., 5 Cir., 103 F.2d 509, and the Court held "that the hearing is afforded when the rates or charges are sought to be enforced by suit, and in the present case when the claim for them is offered to be proved."

The second attack is that the assessments violate that part of Section 59(c) of Article 16, Texas Constitution, Vernon's Ann.St., which authorizes the levy and collection of taxes or assessments, but requires that they must be equitably distributed. Lebman urges that the assessments are not equitably distributed. The factual basis for the argument is that his lands are rolling and not as well adapted to irrigation as other lands. His land has a maximum slope of six per cent as compared with some lands which do not slope at all. The trial court found "that the benefit of irrigation water to plaintiff's land is less than the benefit to other owners having better land." Whether his lands are better or worse than a few or many other owners is not shown. The court concluded that Article 7880–109, authorizes a uniform charge for expenses of maintenance and operation upon all irrigable lands in the District to which it is able to provide water through its system of canals, laterals and extensions, and that this is an equitable distribution. The court concluded that Article 7880–147z, Sec. 9, authorizes a charge against all lands in the District which are irrigable by gravity, whether the land is actually irrigated or not. The result is that lands are classified as irrigable, and if they are in fact, they must pay their uniform pro rata charge for the total expense. Lebman does not contend that his lands classed as irrigable are not in fact so; he argues that after irrigation his lands are not as greatly benefitted as other irrigated lands. An examination of both Article 7880–109 and 7880–147z, Sec. 9, shows that the Act of the Legisla-

ture also makes this distinction between irrigable and non-irrigable lands.

The Constitution requires the levy and collection of taxes and charges in such special conservation and reclamation districts to be "equitably distributed." Art. 16, § 59, Texas Constitution. Mr. Justice Phillips, in Dallas County Levee Dist. No. 2, v. Looney, 109 Tex. 326, 207 S.W. 310, discusses the term, but the case is different from this one. That case appears to be concerned with an ad valorem levy, while this case concerns a flat rate assessment. City of Wichita Falls, etc. v. Williams, 119 Tex. 163, 26 S.W.2d 910, 79 A.L.R. 704. See Moore v. Maverick County Water Control & Imp. Dist. No. 1, Tex.Civ.App., 162 S.W.2d 1009. Also, Justice Phillips, while discussing "equitably," shifts, without explaining why, to the term "equally." The two are not necessarily the same. However, the case justifies special districts with their special taxation, because, in the case of such special districts, the benefits are local and an assessment is therefore an additional tax. The Court also said:

> "The measure of benefit that will accrue to property from a local improvement is at best but an approximation, and hence there is no general principle of constitutional law that in the imposition of such taxes limits the legislative power to the exact amount of pecuniary benefit which the particular property derives."

The trial court was of the view that the assessments were equitably distributed. The Supreme Court of the United States has said: "As pointed out in the cases cited, lands may be taxed to pay for local improvements although they receive no actual benefits." Roberts v. Richland Irrigation Dist., 289 U.S. 71, 53 S.Ct. 519, 77 L.Ed. 1038. Accord, Western Union Telegraph Co. v. Wichita County Water Improvement Dist. No. 1, Tex.Com.App., 30 S.W.2d 301; Texas & Pac. R. Co. v. Ward County Irr. Dist. No. 1, 112 Tex. 593, 251 S.W. 212; Hydrocarbon Production Co. v. Valley

Acres Water District, 5 Cir., 204 F.2d 212; Hershey v. Reclamation Dist. No. 108, 200 Cal. 550, 254 P. 542, 550.

Lebman's lands were classed as irrigable, and they are in fact irrigated lands. Non-agricultural lands are converted into agricultural lands. In our opinion the flat rate charges are a substantial compliance with the requirement that the charges be equitably distributed according to benefits. 94 C.J.S. Waters § 334, pp. 338, 339.

The judgment is affirmed.